Lang *v.* The State.

16L 433
16L 469

WILEY and FELIX LANG *v.* THE STATE.

1. MISDEMEANOR. *Conviction of. Charge of court upon law of felony. Effect of error therein.* A.party who is acquitted of the charge of felony, but convicted of a misdemeanor, can not avail himself of errors in the judge's charge upon the subject of felony.

2. CHARGE OF COURT. *Propositions offered by defendant. Duty of court to construe.* The defendant submitted a series of propositions to the court, asking that they be given in charge to the jury, which was done with the following endorsement, "accepted and given to the jury, except in so far as they conflict with the principles laid down in the charge." *Held,* that this was error, and that it was the duty of the court to have passed upon the several propositions and withheld such as conflicted with the charge.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. A. H. DOUGLASS, J.

J. J. DuPuy for Lang.

ATTORNEY-GENERAL LEA for the State.

TURNEY, J., delivered the opinion of the court.

Defendants were arraigned and tried on indictment for the murder of Prince Epps. Wiley was convicted of assault and battery; Felix of murder in the second degree.

The Code (M. & V.), section 6061 (T. & S.), section 5222, provides: "Upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior

28—VOL. 16.

thereto, or of an attempt to commit the offense, and the defendant may also be found guilty of any offense, the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor."

Assault and battery is necessarily included in the charge of murder, and it has been the constant practice of this and the criminal courts of the State so to construe the statute since its passage.

The charge of the court upon the higher grades of offense was sufficiently definitive of what is necessary to constitute the misdemeanor. Wiley having been acquitted of felony, any error in the rulings and charge of the court as to it is not available for him in this court, and the judgment will be affirmed as to him. The charge of the court covers about forty-eight pages of the record. The defendants submitted a series of propositions, and requested the court to give them in charge to the jury. They "were handed to the jury" with the endorsement, "accepted and given to the jury, except in so far as they conflict with the principles laid down in the charge." This was error. It was the duty of the court to have examined and passed upon the several requests. If they, or either of them, were not, in the opinion of the court, the law of the case, they should have been entirely withheld from the jury, and filed in order to be used if a bill of exceptions became necessary.

Under the rule now in force in this State, the jury must take the law as laid down to it by the court. It can not and must not be required to com-

pare diverse opinions of court and counsel with a view to settling questions of conflict between them. In all criminal prosecutions the accused is entitled to a full, fair and plain statement, by the court, to the jury, of the law applicable to his case.

Reverse the judgment as to Felix.