## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. CYNTHIA McDONALD, APPELLANT

*Conviction of a misdemeanor under an indictment for manslaughter — when proper — omission of the jury to render a verdict upon certain counts — equivalent to an acquittal on those counts*

The defendant was charged with manslaughter in the first degree in procuring the death of an infant child under the age of one year, while defendant was engaged in committing a misdemeanor affecting the person of said infant child, as such crime is defined in section 189 of the Penal Code, which provides that where a homicide is committed without design to effect death by one engaged in doing, or attempting to commit, a misdemeanor affecting the person or the property of the person so killed, it shall constitute manslaughter in the first degree.

It was charged that the defendant, having the care of the infant child named had unlawfully and feloniously suffered and permitted the death of the child by willfully neglecting, without lawful excuse, to supply it with proper food,

clothing and care, so as to make the breach of duty in this respect on the part of the defendant a misdemeanor.

The court charged the jury that they might, if the evidence warranted such a finding, find the defendant guilty, under the indictment, of the crime of a misdemeanor.

The indictment charged sufficient facts, and more than enough to show the defendant guilty of the misdemeanor.

*Held,* that it was not necessary for the people to prove all the facts alleged which would have made out a case of manslaughter, but that if the facts proved were sufficient to establish the offense constituting the misdemeanor, that the defendant might be properly convicted thereof under such indictment for manslaughter.

The omission of the jury to render a verdict upon certain counts of an indictment is equivalent to an acquittal on those counts.

APPEAL from the judgment of the Court of Sessions of Monroe county, entered upon a verdict convicting the defendant of a misdemeanor, by which she was sentenced to be imprisoned in the Monroe county penitentiary for the period of one year, and to pay a fine of $100.

*George D. Forsyth,* for the appellant.

*George A. Benton,* district attorney, for The People.

BARKER, P. J. :

The only question presented by the record, is, could the defendant be legally convicted of a misdemeanor under the third count of the indictment ? As none of the evidence produced on the trial is contained in the record, it is to be presumed that it was both competent and sufficient to sustain the verdict, if a conviction for a misdemeanor was lawful and proper, upon any state of facts which the people might prove, with a view of maintaining the charge of felony set forth in that count of the indictment. The crime charged was manslaughter in the first degree in producing the death of an infant child under the age of one year, while the defendant was engaged in committing a misdemeanor, affecting the person of the said infant child, as such crime is defined by section 189 of the Penal Code, which provides that where a homicide is committed without a design to affect death, by a person engaged in committing or attempting to commit a misdemeanor affecting the person or property of the person so killed, shall constitute manslaughter in the first degree.

In the said count it is charged that the defendant, having the charge of the infant child named, did unlawfully and feloniously

suffer and permit the health of the child, by willfully neglecting, without lawful excuse, to supply it with proper food, clothing and care, so as to make the breach of duty in this respect on the part of the defendant a misdemeanor, as that offense is defined by section 288 of the Penal Code. And these averments are followed by others in due and proper form, charging that by reason of such neglect of duty, on the part of the defendant, the said infant child did die. The court charged the jury, that they might, if the evidence warranted such a finding, find the defendant guilty of the crime of misdemeanor under the indictment, to which charge the defendant excepted. This exception presents the single legal proposition discussed by by the learned counsel for the defendant. The indictment charges sufficient facts, and more than enough to show the defendant guilty of a misdemeanor and the question is, was it necessary for the people to prove all the other facts alleged which would have made out a case of manslaughter a much higher offense, subjecting the defendant to greater punishment. At the time of the adoption of the Code of Criminal Procedure, the rule of the common law on this question, as it prevailed in this State, was that the prosecution never was allowed to fail, because all the alleged facts and circumstances were not proved, if such as were proved made out a crime, though of an inferior degree. (*People* v. *Jackson*, 3 Hill, 92.) It was the uniform rule of the common law, that it was sufficient for the people to prove so much of the indictment as charged the defendant with a substantive crime, and the other averments might be treated as surplusage. (*People* v. *White*, 22 Wend. 175.) On the trial of an indictment for murder, if there was a failure to prove malice, there might be a conviction for manslaughter on proving homicide. So on an indictment for robbery, the prisoner might be convicted of simple larceny and on an indictment for burglary and stealing he might be convicted of the latter offense only. (2 East. P. C., 513.) The provisions of the Revised Statutes (2 R. S. [3d ed.], 789, § 30, [27]) covered most of these rules, and they are continued and preserved in section 444, of the Code of Criminal Procedure, which provides that upon an indictment for a crime consisting of different degrees, the jury may find the defendant guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime. The next section, 445, is new and is

the codification of that portion of the law which was not embraced
in the section of the Revised Statutes just quoted, and it in no sense
narrows the common-law rule, and the language used is very broad
and comprehensive and is as follows : In all other cases, the defend-
ant may be found guilty of any crime, the commission of which is
necessarily included in that with which he is charged in the
indictment.

The defendant was necessarily guilty of a misdemeanor if she
was guilty of the crime of manslaughter as charged in the indict-
ment, for the charge is, that the latter crime was committed while
the accused was engaged in committing a misdemeanor ; so, if the
people fail to prove all the facts necessary to sustain the charge of
manslaughter, and did prove so much of the facts alleged as was neces-
sary to establish the misdemeanor, then she was properly convicted
by the rules of the common law as well as by the provisions found
in section 445 of the Penal Code. Under this rule an accused party
cannot be surprised upon this trial, for the people cannot prove any
fact not alleged, nor can he be convicted of any crime that the facts
proved do not establish. The jury are to determine the facts estab-
lished, and it is for the court to determine whether they amount to
a crime. The purport and meaning of the charge, as set out in the
bill of exceptions, was in conformity to the statutory rule which
now prevails. The verdict is, in form and substance, that the jury
find the defendant guilty of the misdemeanor set forth in the third
count of the indictment. The omission of the jury to render a
verdict upon the first, second and founth counts is not such an
irregularity as should lead to a new trial; for the omission to find
one way or the other is equivalent to an acquittal on those counts.
Any judgment as to them is a bar to a further prosecution. (*The
People* v. *Dowling,* 84 N. Y., 478 ; *The People* v. *Seeley,* 3 N. Y.
Crim. R., 225. )

We are unable to discover in the record any error or irregularity
which should lead to a reversal of the judgment, and the same must
be affirmed.

HAIGHT, BRADLEY and DWIGHT, J J., concurred.

Judgment affirmed and proceedings remitted to the Court of
Sessions of Monroe county to proceed thereon.