## HOUSE ET AL. *v.* STATE OF INDIANA.

[No. 23,217.   Filed November 14, 1917.]

1. INDICTMENT AND INFORMATION.—*Conviction for Included Offenses.—Statute.*—A person charged with a given crime cannot be convicted of another crime of lesser magnitude under the provisions of §2148 Burns 1914, Acts 1905 p. 584, 644, allowing conviction for offenses included in that charged, unless a conviction of the crime charged necessitates proof of all the essential elements of the lesser offense together with the added element which makes the difference in the two offenses.  p. 596.

2. KIDNAPPING.—*Proof.—Included Offenses.*—Full proof of a charge of kidnapping may be made without proving an assault and battery, which is defined by §2242 Burns 1914, Acts 1905 p. 584, 661, as unlawfully touching another in a rude, insolent or angry manner. p. 596.

3. ASSAULT AND BATTERY. — *Affidavit for Kidnapping. — Sufficiency to Charge Assault and Battery.*—An affidavit for kidnapping, based on §2247 Burns 1914, Acts 1905 p. 584, 661, alleging that defendants unlawfully, feloniously, forcibly and fraudulently carried off a person named, forcibly and against his will, does not charge an assault and battery, so that, such offense not being necessarily included in the crime of kidnapping, a conviction for assault and battery under such affidavit is contrary to law and a nullity.  p. 596.

From Jackson Circuit Court; *Oren O. Swails,* Judge.

Prosecution by the State of Indiana against Francis R. House and Harry B. Miller. From a judgment of conviction, the defendants appeal. *Reversed.*

*Holmes & McCallister*, for appellants.

*Ele Stansbury*, Attorney-General; and *Elmer E. Hastings*, for the State.

LAIRY, J.—Appellants, House and Miller, together with one Oscar F. McLain, were charged by affidavit with the offense of kidnapping. There was a trial by jury resulting in a verdict finding appellants guilty of assault and battery. Judgment was rendered upon the verdict.

The errors relied upon here are the overruling of appellants' motions to be discharged and for a new trial. Under these motions it is contended by appellants that a person cannot be convicted of assault and battery upon an affidavit or indictment charging him with the crime of kidnapping.

The affidavit here charges that appellants in the county of Jackson, State of Indiana, on May 12, 1916, did then and there unlawfully, feloniously, forcibly and fraudulently carry off C. S. Mercer, forcibly and against his will, from his residence, said act not being in pursuance of any law of this State nor of the United States.

It is admitted that the affidavit is sufficient under §2247 Burns 1914, Acts 1905 p. 584, 661, which provides that: "Whoever kidnaps or forcibly or fraudulently carries off or decoys from any place within the state, or arrests or imprisons any person, with the intention of having such person carried away from any place within this state, unless it be in pursuance of the laws of this state or of the United States, is guilty of kidnapping * * *." It is admitted by all that §2147 Burns 1914, Acts 1905 p. 584, 644, which relates to convictions of a lesser degree upon a charge of an offense of a higher degree, where the offense consists of different degrees, does not control the question here

presented, and that §2148 Burns 1914, *supra,* is controlling. That section provides that: "In all other cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that which he is charged in the indictment or affidavit."

Appellants were found guilty of assault and battery, which by §2242 Burns 1914, Acts 1905 p. 584, 661, is defined as follows: "Whoever, in a rude, insolent or angry manner, unlawfully touches another, is guilty of assault and battery * * *." The Attorney-General in his brief for appellee admits that the controlling question here is whether the offense of assault and battery is included in a charge of kidnapping.

In the case of *Polson* v. *State* (1894), 137 Ind. 519, 35 N. E. 907, the court in deciding the question of whether, assault and battery with intent to commit the crime of rape was included in the crime of rape said: "It is true that a misdemeanor may be merged in a felony, but as a general rule one felony is not merged into another; especially is this true where the felonies are of the same grade. The crime of assault and battery with intent to commit a rape, and the crime of rape, are both felonies belonging to the same class. It is impossible to conceive of a rape without an assault and battery for that purpose. The crime of rape necessarily includes an assault and battery with intent to commit a rape." In the case of *Rose* v. *State* (1870), 33 Ind. 167, an attempt was made to sustain a conviction for assault and battery under an information which charged the rescue of a prisoner, upon the theory of the one being necessarily included in the other as provided by statute. The court held that an assault and battery was not necessarily included in the rescue of a prisoner.

It would seem from these authorities that to be necessarily included in the greater offense, the lesser of-

fense must be such that it is impossible to commit the greater without first having committed the lesser. This being true, the court is compelled to hold that if a party is charged with a given crime he cannot be convicted of another crime of lesser magnitude under the provisions of §2148, *supra,* unless a conviction of the crime charged necessitates proof of all the essential elements of the lesser offense together with the added element which makes the difference in the two offenses. It cannot be said that it is impossible to make full proof of a charge of kidnapping without proving a rude, insolent or angry touching of the person.

Appellee takes the position that the offense of assault and battery is charged in the affidavit, and that therefore under the holding in *Rose* v. *State, supra,* the verdict is not contrary to law. It will be noticed in this relation that the affidavit omits from the statutory definition of assault and battery the words "touch," "rude," "insolent" or "angry manner." The affidavit alleges that appellants unlawfully, feloniously, forcibly and fraudulently carried off C. S. Mercer, forcibly and against his will. It is evident from the language used in the affidavit that there was no intent to charge an assault and battery. The affidavit does not charge the offense of assault and battery in the language of the statute and neither does it use words of similar import or meaning. There is no charge of assault and battery contained in the affidavit, and, the offense not being one necessarily included in the crime of kidnapping, the verdict finding appellants guilty of assault and battery is a nullity. The crime charged in the affidavit is kidnapping and no other. The issues joined by the defendants' plea could be decided only by a verdict finding him guilty or not guilty of the offense charged. A verdict finding the defendant guilty of as-

sault and battery did not determine the issues joined, and for that reason it was contrary to law. *Wright* v. *State* (1854), 5 Ind. 527, 529.

The court erred in overruling appellants' motion for a new trial, and the judgment is therefore reversed with directions to sustain such motion.

NOTE.—Reported in 117 N. E. 647. Criminal law: rights as to conviction for several offenses growing out of the same facts, 31 L. R. A. (N. S.) 733; merger of offenses, 5 Am. St. 899. See under (1) 22 Cyc 472.