### KLEOPFER *v.* STATE OF INDIANA.

[No. 25,326.   Filed October 5, 1928.]

*William Fitzgerald, Sr., William Fitzgerald, Jr., S. E. Leland* and *Roland Jackson,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

GEMMILL, J.—The grand jury found and returned to the Jefferson Circuit Court an indictment against the appellant wherein he was charged in two counts with the crime of manslaughter. He was tried by a jury in the Ripley Circuit Court. The jury found him guilty of assault and battery and assessed a fine of $1,000. After a motion to discharge the defendant had been overruled, judgment was pronounced on the verdict.

Errors assigned on appeal are: (1) The court erred in receiving verdict of jury convicting defendant of assault and battery; (2) the court erred in overruling motion to discharge defendant; (3) the court erred in rendering judgment on verdict of jury; (4) the verdict of the jury is a nullity; and (5) the court erred in receiving verdict and discharging jury. The defendant excepted to the ruling on his motion that he be discharged. No exceptions were taken to the other alleged errors. The state correctly asserts that appellant's second assignment is the only one which presents anything to this court for review.

The motion to discharge the defendant stated that the verdict of assault and battery was a nullity for the reason that the defendant was not found guilty of any offense with which he was charged in the indictment and for which he was tried by the jury.

The first count of the indictment charged the appellant with voluntary manslaughter, and the second count charged him with involuntary manslaughter. The second count of the indictment, omitting the formal parts is as follows: "The Grand Jurors of the County of Jefferson and State of Indiana, upon their oaths, do further present that one Charles H. Kleopfer on the 4th day of November, 1925, at said Jefferson County, State of Indiana did then and there unlawfully and feloniously, but involuntarily and without malice kill one Charles Richardson, by unlawfully and in a rude,

insolent and angry manner touching, striking, beating, wounding and injuring him the said Charles Richardson on the said 4th day of November, 1925, at said County of Jefferson in the State of Indiana, by and with a club, which the said Charles H. Kleopfer then and there had and held in his hands, thereby unlawfully and feloniously, but involuntarily and without malice, inflicting a mortal wound and injury in and upon the head of the said Charles Richardson, of which mortal wound and injury the said Charles Richardson sickened and languished, and from which mortal wound and injury on the 9th day of November, 1925, at said Jefferson County in the State of Indiana, the said Charles Richardson then and there died, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

It has been held by this court that on a charge of murder, the defendant cannot be convicted of assault and battery. *Wright* v. *State* (1854), 5 Ind. 527; *Reed* v. *State* (1895), 141 Ind. 116, 40 N. E. 525. In Wright v. *State, supra,* the court said: "Assault and battery, which is simply a misdemeanor, is not included in any of the degrees of homicide. The misdemeanor is merged in the felony." An examination of the cases in this jurisdiction shows that the doctrine of merger has not been applied in cases where the minor offense is necessarily an elemental part of the greater, and where proof of the greater necessarily establishes the minor. And, in accordance therewith, it has been held that on an indictment for felony, the defendant may be convicted of a misdemeanor, the commission of which is necessarily included in the offense charged. *Gillespie* v. *State* (1857), 9 Ind. 380; *State* v. *Throckmorton* (1876), 53 Ind. 354; *Behymer* v. *State* (1884), 95 Ind. 140. Also, it has been held by this court that a defendant may be con-

victed of assault and battery under an indictment charging him with having committed a rape. *Mills* v. *State* (1875), 52 Ind. 187; *Richie* v. *State* (1877), 58 Ind. 355; *Jones* v. *State* (1889), 118 Ind. 39, 20 N. E. 634; *Gordon* v. *State* (1912), 177 Ind. 689, 98 N. E. 627. In *State* v. *Fisher* (1885), 103 Ind. 530, 3 N. E. 379, it was decided that, under an indictment charging malicious mayhem, there may be a conviction for simple mayhem or of an assault and battery. In *House* v. *State* (1917), 186 Ind. 593, 117 N. E. 647, it was held that proof of a charge of kidnapping might be made without proving an assault and battery, as this offense was not necessarily included in the crime of kidnapping.

The following are statutory provisions: "Upon an indictment or affidavit for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit, and guilty of any degree inferior thereto or of an attempt to commit the offense." And §2313 Burns 1926: "In all other cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or affidavit." Acts 1905, ch. 169, §272, §2312 Burns 1926.

Assault and battery in thus defined: "Whoever, in rude, insolent, or angry manner, unlawfully touches another is guilty of an assault and battery." Acts 1905, ch. 169, §354, §2419 Burns 1926.

When the charge of a greater offense contains the essential elements of a minor offense, the jury may acquit the defendant of the grave charge and find him guilty of the less offense included therein. This rule applies in all cases in which the minor offense is necessarily an elemental part of the greater. 31 C. J. 861, §506. Under statutes authorizing conviction of any offense necessarily included in the crime charged,

it is held that there may be a conviction of assault and battery, if the assault and battery is alleged. 31 C. J. 866, §518.

In *Watson* v. *State* (1902), 116 Ga. 607, 43 S. E. 32, it was held that, under an indictment for murder, the accused might be convicted of a lower grade of felony, or even of a misdemeanor, if the lesser offense was one involved in the homicide and was sufficiently charged in the indictment. In *People* v. *McDonald* (1888), 49 Hun. (56 N. Y.) 67, 1 N. Y. Supp. 703, it was held that on an indictment for manslaughter in producing the death of an infant child under the age of one year by committing the misdemeanor defined in the penal code, in wilfully omitting, without lawful excuse, to furnish food and clothing, etc., for such child, a conviction could be had for the misdemeanor, that being an offense the commission of which was necessarily included in the crime charged in the indictment.

In the instant case, in the second count of the indictment, all of the essential elements of the crime of assault and battery were stated. The commission of assault and battery was necessarily included in the offense of manslaughter, as charged. The jury could discharge the defendant of the higher offense and convict him of the minor offense, if the evidence warranted.

It is not shown that any error was committed in the trial court. The judgment is affirmed.