BLACKBURN *v.* STATE OF INDIANA.
[No. 25,643.   Filed March 17, 1932.]

David E. Smith and William C. Geake, for appellant.
Arthur L. Gilliom, Attorney-General, and Donald R.
Mote, Deputy Attorney-General, for the State.

TRAVIS, C. J.—Appellant appeals from judgment
against him upon a verdict of guilty of the crime of in-
voluntary manslaughter, as charged in an amended affi-
davit in one count. That part of the affidavit which
charged the offense alleges that: "Hobart Blackburn
did then and there unlawfully and feloniously, without
malice, either express or implied, and involuntarily kill
one Velma West, a human being, by then and there un-

lawfully and feloniously driving and operating a motor vehicle, to wit: an automobile, in, upon and along a certain highway of the State of Indiana, to wit: Lima Road, while he, the said Hobart Blackburn, was then and there under the influence of intoxicating liquor, and the said Hobart Blackburn did then and there, unlawfully and feloniously, while under the influence of intoxicating liquor, drive said automobile into and against an automobile then and there operated and driven by one Clarence E. Malone, in and on which said automobile Velma West then and there was, and said Hobart Blackburn did then and there unlawfully, feloniously, but involuntarily and without malice, inflict a mortal wound and injury in and upon the body of said Velma West, of which mortal wound and injury, the said Velma West sickened and languished, and from which mortal wound, on the 5th day of July, 1926, the said Velma West, in the county and state aforesaid, then and there died, contrary," etc.

Appellant moved to quash the affidavit for the reasons: (1) That the facts stated in the affidavit do not constitute a public offense; and (2) that the affidavit does not state the offense with sufficient certainty. To sustain his motion to quash, appellant states his point that the affidavit does not allege or directly aver that the collision was caused by reason of the intoxication of the defendant, or because he was under the influence of intoxicating liquor, and that such an allegation is material to allege the offense; and that the crime is not sufficiently charged because it was not alleged in the affidavit that the homicide resulted by reason of the unlawful act, and does not allege the manner in which the thing or instrument, which caused the death, occurred.

To meet appellant's proposition, the State presents the point that this affidavit is in the language of the statute, and, where the statute defines the crime and states what

acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute.

It has been held by this court that, to constitute the crime of manslaughter, there must be such legal relation between the commission of the unlawful act and the homicide that it logically follows that the homicide occurred as a concomitant part of the perpetration of, or in furtherance of an attempt to commit, the unlawful act. Therefore, it follows that death must be the natural result and the probable consequence of the commission of the unlawful act upon which the homicide is based; and further, for an indictment to be sufficient to charge the crime of involuntary manslaughter in the commission of an act made unlawful by statute, the indictment must state facts from which it will affirmatively appear that the act done was a violation of the law, and that such unlawful act was a proximate cause of the death of a human being, which resulted therefrom. *Kimmel* v. *State* (1926), 198 Ind. 444, 154 N. E. 16; *Votre* v. *State* (1923), 192 Ind. 684, 138 N. E. 257.

To charge the crime here in question, it was not enough to allege that appellant was in the commission of the unlawful act alleged, but that the death resulted therefrom. *Willey* v. *State* (1874), 46 Ind. 363.

The allegation of facts in the indictment charges that an unlawful act of driving an automobile by appellant, when he was intoxicated, was committed; and, we are of the opinion the charge is plain that the collision by appellant's automobile with the automobile in which the person was killed, was the result of such unlawful driving, and that the death resulted from the collision. The allegations are sufficient to charge that the unlawful act of driving the automobile by appellant when he was intoxicated was the proximate cause of the death.

Appellant assigns as error the action of the court overruling his motion for a new trial, and presents as specific errors the actions of the court giving instructions over objection, the court's refusal to give requested instructions, and that the verdict is contrary to law, and also is not sustained by sufficient evidence.

Appellant says that instruction No. 7 given to the jury was error, and makes the point that if the court attempts to state to the jury by an instruction the material elements necessary to be proved by the State, all the material elements of the crime must be stated, or the giving of the instruction will be error. For aught that is presented by the brief, all the essential elements of the crime were stated in the instruction. As against the point so made, the instruction will be deemed to be free from error, unless its infirmity in that respect is brought to the attention of the court on appeal. Appellant points that this instruction assumes facts to have been proved, and that thus the province of the jury is invaded. Instruction No. 7 will not bear any such construction.

Appellant alleges error upon the refusal of the court to give his requested instruction No. 1, which is short and quoted in full, as follows: "Every circumstance material to this cause must be proved beyond a reasonable doubt; otherwise, it is your duty to discard such circumstances in making up your verdict." This instruction must have been drafted and patterned from the one quoted in *Sumner* v. *State* (1843, 5 Blackf. (Ind.) 579, 36 Am. Dec. 561. The instruction is limited in its applicability to circumstantial evidence. The essential elements of the crime charged were proved, if proved by sufficient competent evidence, by direct and not circumstantial evidence. Appellant may be correct in his point that "the existence of a fact may be established by circumstantial as well as direct evi-

dence," but he does not bring it to the attention of the court that any one or all essential elements of the crime charged were sought to be proved by circumstantial evidence. To apply appellant's point, and decide the question, it would require a reading of the evidence to apply it to the requested instruction, for the brief fails to make the application. The court will not search the record in aid of appellant.

Error is based upon the court's refusal to give appellant's requested instruction No. 10. The point is made that the requested instruction presented the law to be that "the jury are the judges of the law and the evidence in a criminal cause," and that it is reversible error to refuse to give such an instruction. The brief presents that instruction No. 2, given by the court, contains this sentence: "The constitution of this state makes the jury the judges of the law, as well as of the facts." The reference to the Constitution in the instruction given makes it stronger in favor of appellant than his requested instruction. Neither of the instructions followed the Constitution, and yet each one is predicated upon it. "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." §71 Burns 1926.

Error is based upon the court's refusal to give appellant's requested instruction No. 13, which relates to degrees of the "charge contained in the affidavit in this case," which charge is the commission of involuntary manslaughter. The point in the brief is that, "the defendant may be found guilty of an offense of a lower degree, namely, assault and battery, or assault." The statute (§2313 Burns 1926) is cited to sustain the instruction. If assault, or assault and battery, is a degree of the crime of manslaughter, the statutory foundation for the instruction is §2312 Burns 1926.

Neither the crime of assault, nor of assault and battery, is necessarily included in the offense of manslaughter. If either of such crimes were so included in the greater crime, to commit manslaughter would be impossible without committing either of the two lesser crimes. *House* v. *State* (1917), 186 Ind. 593, 117 N. E. 647. Homicide comprehends the crime of manslaughter; simply death of a human being is accomplished. So it follows that manslaughter is an offense of homicide of a lower grade than common-law or statutory-defined murder. But, by this reasoning, assault or assault and battery is not thus kindred to murder or manslaughter, or to homicide in the general understanding of felonious killing of a human being, because these two lesser crimes do not comprehend killing—they are not a degree or a grade of killing the victim assaulted. It must, therefore, follow that the requested instruction did not state the law that might or that could be applied in this case, and it was proper to refuse to so instruct the jury.

Appellant, to sustain his specific error that the verdict of the jury is contrary to law, points that the amended affidavit, which pleads the offense, "does not state that defendant (appellant), by reason of being under the influence of intoxicating liquor, run his car into the car in which Velma West was riding," and four other points like the one stated, in other language. This alleged specific error presents the same question which was presented by appellant's motion to quash the amended affidavit, which is decided in favor of appellee. The verdict is not contrary to law upon the points made to support the error presented.

Appellant presents the points, that "it is not enough to show that the defendant (appellant) violated the law relating to the driving of an automobile." It must also "be shown beyond a reasonable doubt that the violation of the law was the circum-

stance, but for which the collision resulting in the death of Velma West would not have occurred"; and further, "it must be shown that there was such causal relation between the unlawful act of the defendant (appellant) and the injury and death of . . . Velma West, that except for the unlawful act the injury and death would not have occurred." The other points under this error present the same question. Clarence Malone, who was driving his automobile, in which were riding with him, at and before the time of the alleged collision, his wife and Velma West, testified: "I was driving possibly thirty miles per hour. . . . Driving along the road, the car turned deliberately into me and hit me, . . . and my car turned over. . . . I saw him (defendant) looking in at the top of the door. Blackburn said to my wife, 'Don't be blowing the horn like a kid.' Velma West was lying in the bottom of the car. A portion of her body was lying under the car. When Blackburn looked in the car, I smelled an obnoxious odor on his breath; I don't know what it was. He staggered up to the car door." Mrs. Malone testified that Blackburn was under the influence of liquor, that she saw two bottles in his hand after the accident, which he threw away. That she clasped Blackburn in her arms to prevent him from leaving, and so held him until the sheriff arrived. Blackburn said to her that he had been drinking. Witness Henry testified he saw Blackburn throw away a bottle at the place of and after the accident, and that he believed Blackburn was at that time under the influence of intoxicating liquor. Witness Malone testified that the collision happened in this manner: "I saw the car occupied by defendant (Blackburn) up the road about 200 feet ahead of me; it had lights on it, they were not bright lights. I kept watching that car all the time. When I first saw his car it was to the right of the road going south. It was on his side of the road for about

250 feet, then when we were about 50 feet apart it took a diagonal shoot for my car." The court instructed the jury that: If the defendant, Blackburn, was acting in violation of a positive statute, and this violation was the proximate cause of the death of Velma West, "and makes defendant guilty of involuntary manslaughter." This instruction was repeated by another numbered instruction to the jury. Neither of these instructions is presented as erroneous by appellant upon appeal. We think the evidence narrated, believed by the jury, proves that appellant violated the law relating to driving an automobile when under the influence of intoxicating liquor, and that such circumstances, but for which the collision resulting in the death of Velma West, would not have occurred. The evidence, as against the attack made, is sufficient to sustain the verdict.

Judgment affirmed.