BRYANT *v.* STATE OF INDIANA.

[No. 25,514. Filed June 30, 1933.]

*A. C. Miller, H. L. Fisher* and *Edward H. Knight,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

FANSLER, J.—The appellant was convicted of unlawfully transporting intoxicating liquor in an automobile. He assigns as error the overruling of his motion for a new trial.

The court permitted the first witness for the state, a

police officer, to testify, in answer to a direct question, that he had been informed before making the arrest that the defendant was a bootlegger, delivering and taking orders for bonded whiskey, and that he would find him in a Willys-Knight coupe, and two girls riding with him. The appellant made timely and proper objection, stating in the objection that the legality of the arrest was not questioned. The court, in overruling the objection, said that the evidence was admitted to show that the officer had reasonable information on which to base the arrest. There was no legal evidence that the defendant was engaged in bootlegging or taking orders for whiskey. Coming from a peace officer, this testimony, no doubt, made an impression upon the jury. It was hearsay and entirely incompetent, and we can not say that it did not prejudice the substantial rights of the defendant.

One A. D. Spears and Guy Alden were called as reputation witnesses for the defendant. It appears from the testimony that the defendant had lived for a considerable time in Clinton, Indiana; that he went to Florida and since returning was living in Parke county. The witness Spears testified that he was acquainted with people generally in and about Clinton. He was asked the following question: "Now I will ask you to state whether or not you are acquainted with his reputation in the town of Clinton where he had been residing, his general reputation, prior to the 7th day of May, 1927, as a law abiding citizen?" The question obviously referred to the time when the defendant was a resident of Clinton. The witness answered that he was acquainted with defendant's reputation and that it was good. After some cross-examination the testimony was stricken out, evidently upon the theory that the witness was not acquainted with the reputation of the defendant

in Parke county where he was living at the time of the trial.

A defendant, in proving his good reputation, is not limited to the place of his residence at the time of the trial. He has the right to show what his reputation was at prior times, while living in other places. It was error to strike out the testimony.

Guy Alden testified that the defendant lived in Annapolis, in Parke county, and that the witness was acquainted in that neighborhood. That he was acquainted with the general reputation of the defendant in the neighborhood and that it was good. Under cross-examination he testified that he was only in the neighborhood two or three times a week, that he did not know whether the defendant was keeping house, but he did know that the defendant was staying with his wife's folks in Annapolis. After this cross-examination the testimony was stricken out. This was error. The witness showed an acquaintance with people in the community. The fact that he was only in the community two or three times a week, and that he did not know whether the defendant was keeping house, would affect the weight and not the admissibility of the evidence.

The appellant tendered five instructions, all of which were refused and exceptions reserved. These instructions were based upon the theory that the felony described in §2720, Burns 1926, declaring against the transportation of intoxicating liquor in a vehicle, necessarily includes the misdemeanor of transporting intoxicating liquor described in §2717, Burns 1926; that it was the duty of the court to so instruct the jury, and to instruct them that where an offense charged includes other offenses, the jury may find the defendant not guilty of the offense charged, and guilty of some included offense; that where there

is reasonable doubt as to which of two or more of the offenses a defendant is guilty, he must be convicted of the lesser offense only. The instructions were appropriate for this purpose, and were not covered by other instructions, except that in one of the court's instructions the jury was told that where a defendant was charged with a crime consisting of different degrees, they might convict of a lesser degree than the one described in the affidavit. The jury was not told that the misdemeanor statute referred to was included in the charge in the affidavit.

Section 2717 provides that it shall be unlawful for any person to transport any intoxicating liquor except as authorized in the act. Section 2720 provides that any person who shall transport intoxicating liquor in a vehicle shall be guilty of a felony unless the transportation is for purposes and uses that are not unlawful. Transportation in a vehicle for any purpose except as authorized in §2717 was unlawful.

Section 2313, Burns 1926, is as follows:

"In all other cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or affidavit."

In *Haverstick et al.* v. *State* (1925); 196 Ind. 145, 147 N. E. 625, this court had these same statutes under consideration. The appellant complained that the court had not instructed the jury that the misdemeanor was included in the felony, but it appeared that the appellant had not tendered such an instruction, and the court held that in the absence of a proper request for such an instruction, the appellant was not in a position to complain of the omission. After thus deciding the question, the court continued with dictum to the effect that the misdemeanor of transporting intoxicating liquor on foot or on horseback is not a lesser degree of the

felony defined by the statute against transporting liquor in a vehicle. This statement would undoubtedly be correct if the misdemeanor statute declared against transporting intoxicating liquor on foot or on horseback, but it does not. It simply declares against transporting (and other trafficking in) intoxicating liquor, while the felony statute declares against transporting intoxicating liquor in a certain manner—in a vehicle.

It has long been the rule in this state that on indictment for a felony the defendant may be convicted of a misdemeanor, the commission of which is necessarily included in the offense charged.

A charge of rape has been held to necessarily include assault and battery with intent to commit rape, and simple assault and battery. A charge of assault and battery with intent to kill has been held to include assault and battery, and a charge of manslaughter to include a charge of assault and battery. *Kleopfer* v. *State* (1928), 200 Ind. 287, 163 N. E. 93.

In *State* v. *Elder* (1879), 65 Ind. 282, 32 Am. Rep. 69, it is said:

"When the facts constitute two or more offenses, wherein the lesser offense is necessarily involved in the greater—as an assault is involved in an assault and battery, as an assault and battery is involved in an assault and battery with intent to commit a felony, and as a larceny is involved in a robbery—and when the facts necessary to convict on a second prosecution would necessarily have convicted on the first, then the first prosecution to a final judgment will be a bar to the second."

In *Rose* v. *State* (1870), 33 Ind. 167, the court held that an assault and battery was not necessarily included in the rescue of a prisoner from the sheriff, since the rescue might be accomplished without an assault and battery.

In *House* v. *State* (1917), 186 Ind. 593, 117 N. E.

647, after discussing the authorities, the court said:

> "It would seem from these authorities that to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without first having committed the lesser. This being true, the court is compelled to hold that if a party is charged with a given crime, he can not be convicted of another crime of lesser magnitude under the provisions of Section 2148, *supra,* unless a conviction of the crime charged necessitates proof of all the essential elements of the lesser offense, together with the added element which makes the difference in the two offenses."

In *Bonsall* v. *State* (1871), 35 Ind. 460, it is said:

> "Robbery is larceny aggravated by the fact that the goods are taken from the person of the owner by violence or putting in fear. Mr. Blackstone speaks of it as mixed or compound larceny, and says it is such as has all the properties of larceny with the aggravation of taking from the person."

In *Duffy* v. *State* (1900), 154 Ind. 250, 56 N. E. 209, in holding that larceny was included in a charge of robbery, the court said: "Robbery is said to be larceny in an aggravated form."

The thing declared against in both of the statutes under consideration is trafficking in intoxicating liquor, not the use of vehicles or the transportation of property. The felony statute declares against an aggravated transportation—transportation by vehicle. We are not required to look into the legislative reason for the distinction. We may surmise that the fact that larger quantities of liquor might be transported with greater speed and less opportunity for detection, made vehicular transportation seem more aggravated in the legislative mind. But whatever the reason, the conclusion is unavoidable that transportation in a vehicle is merely aggravated transportation, just as robbery is aggravated larceny, and assault and battery with intent to

kill is aggravated assault and battery. It is inconceivable that a defendant could be guilty of transporting in a vehicle under the felony statute without also being guilty under the misdemeanor statute. We must conclude that the misdemeanor statute is an included offense under §2313, Burns 1926.

The offenses involved are not included in Chapter 54, Acts of 1929 (Acts 1929, page 136), and are, therefore, not affected by the provisions of §§5 and 6 of that Act concerning convictions for lesser or included offenses.

It was error to refuse the tendered instructions. *Haverstick et al.* v. *State, supra; Reynolds* v. *State* (1897), 147 Ind. 3, 46 N. E. 31; *Chesterfield* v. *State* (1924), 194 Ind. 282, 141 N. E. 632; *Jeffries et al.* v. *State* (1925), 195 Ind. 649 ,146 N. E. 753.

Appellant's Instruction No. 4 was to the effect that it was not a violation of the law for a person to drink intoxicating liquor, and Instruction No. 5 was to the effect that transportation for a lawful purpose was not a violation of the statute. There was no reason to believe that the jury would think that drinking intoxicating liquor would constitute a violation of the statute, and in the instructions given the court properly defined lawful transportation .

The court on its own motion gave thirty-two instructions, all of which were excepted to and concerning each of which the appellant presents a question here. We do not deem it necessary to discuss these instructions separately and in detail. As a whole they are argumentative and invade the province of the jury. In certain of the instructions the jury is instructed to return a verdict of guilty if the jurors believe certain items of testimony. In criminal cases the jury is the judge of the law and of what facts constitute the crime. The court may advise the jury as to the law and as to what facts are entitled to consideration upon

any phase of the case, but the jury has the right to determine the law, and to determine what facts will justify a conviction, and the court may not properly direct a verdict of guilty in the event the jury believes certain testimony. *Hudelson et al.* v. *State* (1884), 94 Ind. 426, 48 Am. Rep. 171; *Newport* v. *State* (1895), 140 Ind. 299, 39 N. E. 926; *Sutherlin* v. *State* (1897), 148 Ind. 695, 48 N. E. 246.

It appears that counsel for the appellant in argument to the jury discussed the constitutionality of the liquor laws, the seriousness of the penalty in the event of a conviction, and the evil sought to be reached by the legislature. The court instructed the jury that they had no right to consider this part of the argument, nor to discuss or refer to it during their deliberation, and that they must not consider the result of their verdict during their deliberation. This was clearly error.

The jury in its deliberation may consider the constitution, the common law, the statutes, the decisions of courts of last resort, the instructions of the court and the argument of counsel, and determine the law for themselves. They may interpret the law in the light of the facts adduced. The appellant was entitled to have his counsel argue the law and the facts, and he was entitled to have the jury consider any and all proper argument. The argument may properly include comparisons that counsel may deem persuasive in illustrating his views of the law or the facts, and may properly include references to the seriousness of the penalties in the event of conviction. It is not within the bounds of propriety for the court to seek to answer or minimize the effect of the argument.

The court instructed the jury at some length upon the right of the court to suspend the sentence in case of

a verdict of guilty, and that in the event they found the defendant guilty he would not necessarily be punished. That "you may safely trust to the court the right performance of whatever duty and responsibility is imposed by the legislature upon that officer, and you will make no mistake in such assumption."

The appellant contends that, in addition to omitting any reference to the misdemeanor statute under which the jury might have fixed the punishment, the instruction seems designed to lure or wheedle the jury past the obstacle of, and to disarm the jurors of any doubts or hesitancy occasioned by, the severity of the penalty involved. We cannot say that the criticism is not justified.

Judgment reversed with instructions to sustain the appellant's motion for a new trial.