HAZLETT *v.* STATE OF INDIANA.

[No. 28,701. Filed July 20, 1951.]

*Theodore Lockyear,* of Evansville, for appellant.

*J. Emmett McManamon,* Attorney General; *Frank C. Coughlin* and *Norman J. Beatty,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a verdict convicting appellant of robbery, for which he was sentenced for an indeterminate term of from 10 to 25 years. The error assigned here is the overruling of his motion for a new trial. The motion for new trial asserted error in the giving and refusing of certain instructions concerning included offenses. The court did instruct the jury that the offense of petit larceny was included in the charge of robbery. Appellant insists other offenses were also included.

We adopt appellant's succinct statement in his brief on the issues to be decided in this appeal, which is as follows:

"There is therefore presented to this Court a situation in which the trial court refused to give to the jury instructions covering the included offenses of [1] grand larceny, [2] assault and battery with intent to commit a felony, [3] assault and battery and [4] assault, where the appellant was charged with the crime of robbery."

The material parts of the affidavit charged that "Roy Hazlett at said County of Posey, State of Indiana, on or about the twenty-third day of January 1950, did then and there unlawfully, feloniously, and forceably and by violence and putting one, Charles Donohue in fear, rob, take and steal from the person of the said Charles Donohue, a Westclox Watch and leather fob, one pocket knife, one ball point fountain pen then and there of the value of Five ($5.00) Dollars, contrary to the form of the Statutes in such cases made and

provided and against the peace and dignity of the State of Indiana."[1]

For purposes of clarity the instructions in issue here will not be referred to by numbers, and decision on the principles involved necessarily furnish the rules for the trial court on retrial. The statutes providing for conviction of included offenses are as follows:

"A defendant is presumed to be innocent until the contrary is proved. When there is a reasonable doubt whether his guilt is satisfactorily shown, he must be acquitted. When there is a reasonable doubt in which of two [2] or more degrees of an offense he is guilty, he must be convicted of the lowest degree only." Section 9-1806, Burns' 1942 Replacement (Acts 1905, ch. 169, § 261, p. 584).

"Upon an indictment or affidavit for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit, and guilty of any degree inferior thereto or of an attempt to commit the offense."[2] Section 9-1816, Burns' 1942 Replacement (Acts 1905, ch. 169, § 271, p. 584).

"In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or affidavit." Section 9-1817, Burns' 1942 Replacement (Acts 1905, ch. 169, § 272, p. 584).

---

[1] The statute defining the offense of robbery, under which appellant was charged, provides:

"Whoever takes from the person of another any article of value *by violence or by putting in fear*, is guilty of robbery, and on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. . . ." (Italics supplied.) Section 10-4101, Burns' 1942 Replacement (Acts 1929, ch. 54, § 1, p. 136; 1941, ch. 148, § 6, p. 447).

[2] There is no general statute on attempts to commit offenses in Indiana.

Sections 5 and 6 of Ch. 54 of the 1929 Acts (the Hartzell Act), which suspended the operation of the above sections for the offense of robbery, was repealed by Ch. 85 of the 1935 Acts (See §§ 9-2215, 9-2216, Burns' 1942 Replacement) ; therefore, §§ 9-1806, 9-1816, and 9-1817, Burns' 1942 Replacement, are now in full force and effect when a charge of robbery is made. *Abraham* v. *State* (1950), 228 Ind. 179, 91 N. E. 2d 358.

A charge of robbery includes a charge of larceny. *Hickey* v. *State* (1864), 23 Ind. 21; *Rains* v. *State* (1894), 137 Ind. 83, 36 N. E. 532; *VanCleave* v. *State* (1898), 150 Ind. 273, 49 N. E. 1060; *Payne* v. *State* (1924), 194 Ind. 365, 142 N. E. 651; *Jacoby* v. *State* (1936), 210 Ind. 49, 199 N. E. 563; Ewbank, *Indiana Criminal Law* (2d Ed.), p. 753, § 973; 2 Bishop, *New Criminal Procedure* (2d Ed.), p. 408, § 488e. The pleading under which an accused is prosecuted, whether it be by affidavit or indictment, "should contain all the allegations essential in larceny, with the added matter that makes the larceny robbery." *Rains* v. *State* (1894), 137 Ind. 83, 85, 36 N. E. 532, *supra*. A charge of petit larceny is included within a charge of grand larceny. *McCorkle* v. *State* (1859), 14 Ind. 39. But a charge of petit larceny does not include a charge of grand larceny. *Evans* v. *State* (1898), 150 Ind. 651, 50 N. E. 820; Ewbank, *Indiana Criminal Law* (2d Ed.), p. 759, § 978. The statement of value was a material and essential allegation, and the court properly instructed that under the charge of robbery as made the appellant could be convicted of petit larceny, and it properly refused appellant's requested instruction that under the charge he could have been convicted of grand larceny. To have permitted the jury to find appellant guilty of grand larceny, when the larceny charged was petit larceny, would have per-

mitted the jury to have found the appellant guilty of a charge not made. It is a denial of due process of law to convict an accused of a charge not made. "Conviction upon a charge not made would be sheer denial of due process." Per Chief Justice Hughes in *DeJonge* v. *Oregon* (1936), 299 U. S. 353, 362, 57 S. Ct. 255, 259, 81 L. Ed. 278, 282.

Although at common law an accused charged with commission of a felony could not be convicted of a misdemeanor, the doctrine has been abrogated by virtue of the statutes on included offenses.

"It has long been the rule in this state that on indictment for a felony the defendant may be convicted of a misdemeanor, the commission of which is necessarily included in the offense charged." *Bryant* v. *State* (1933), 205 Ind. 372, 377, 186 N. E. 322, 324.

At common law "Every robbery requires either actual violence inflicted on the person robbed, or such demonstrations or threats as under the circumstances create in him a reasonable apprehension of bodily injury. There need not be both." 2 Bishop, *Criminal Law* (9th Ed.), § 1166, p. 864. The statutory definition of the crime in 1860 was in the alternative, and was so construed in *Seymour* v. *State* (1860), 15 Ind. 288, 290, wherein the court said: " 'The words of the definition of the crime, are in the alternative, violence *or* putting in fear; and it appears that if the property be taken by *either* of these means, against the will of the party, such taking will be sufficient to constitute robbery.' U. S. Cr. Law, 458; 3 Arch. Cr. Pl. by Wat. 417, and 418." Section 10-4101, Burns' 1942 Replacement, clearly states that robbery may be effected either "by violence" or "by putting in fear." See Ewbank, *Indiana Criminal Law*, § 913, pp. 703, 704; Clark & Marshall, *Law of Crimes* (2d Ed.), § 370, p. 548; 2 Wharton,

*Criminal Procedure* (10th Ed.), § 1213, p. 1667. The affidavit charged both violence and putting in fear conjunctively, and appellant insists that the term "by violence" in the statute means a battery, which in turn includes an assault.[3]

The term "violence" under the common law definition of robbery is synonymous with battery. 2 Bishop, *Criminal Law* (9th Ed.), § 1166, p. 864, *supra.* "The term 'violence' is synonymous with *physical force,* and the two are used interchangeably, in relation to assaults, by elementary writers on criminal law." *State* v. *Wells* (1862), 31 Conn. 210, 212. Indiana has recognized the distinction between actual violence, which means a battery, and constructive violence, which is accomplished by putting in fear. "It is said, that the principle of robbery is violence, but it has been held that actual violence is not the only means by which a robbery may be effected; that it may also be accomplished by fear, which the law considers as constructive violence. *Donnally's Case,* 1 Leach, 229; *Long* v. *The State,* 12 Ga. 293." *Shinn* v. *State* (1878), 64 Ind. 13, 17. In *Seymour* v. *State* (1860), 15 Ind. 288, 290, *supra,* the court in its reason-

---

[3] "Whoever, having the present ability to do so, attempts to commit a violent injury upon the person of another, is guilty of an assault, and, on conviction, shall be fined in any sum not exceeding five hundred dollars [$500], to which may be added imprisonment in the county jail or in the Indiana State Farm not exceeding six [6] months." Section 10-402, Burns' 1942 Replacement (Acts 1905, ch. 169, § 353, p. 584; 1941, ch. 148, § 7, p. 447).

"Whoever, in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and, on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months." Section 10-403, Burns' 1942 Replacement (Acts 1905, ch. 169, § 354, p. 584).

ing stated the difference between a robbery accomplished by fear and a robbery accomplished by an assault and battery. "If a man, without touching another, threaten to shoot him if he does not give up his money, and it is given up, the money is obtained by fear; but if he seizes him, throws him down, and takes from him his money, it is obtained by violence, where perhaps there is no fear."

It is well settled that in charging assault and battery the exact language of the statute need not be followed, "but words which import the same meaning, if employed instead, will be sufficient. *Sloan* v. *State,* 42 Ind. 570; *State* v. *Smith, supra; Hays* v. *State,* 77 Ind. 450; *Knight* v. *State,* 84 Ind. 73." *Chandler* v. *State* (1895), 141 Ind. 106, 113, 39 N. E. 444.

The words of the affidavit, "unlawfully, feloniously, and forceably and by violence," charged a battery, and an assault which is included within the charge of a battery. *Craig* v. *State* (1901), 157 Ind. 574, 62 N. E. 5. The included offenses of assault or assault and battery with intent to commit a felony, as defined by § 10-401, Burns' 1942 Replacement, were included in the charge of robbery by violence. *State* v. *Becker* (1913), 159 Iowa 72, 140 N. W. 201, 203;[4] *People* v. *Blanchard* (1904), 136 Mich. 146, 148; *People* v. *Allie* (1921), 216 Mich. 133, 184 N. W. 423; 31 C. J. 860, 861, § 504. Appellant's requested instructions which would have informed the jury they could find the appellant guilty of assault and battery with intent to commit a felony should have been given.

---

[4] "The court submitted but one included offense, that of larceny from the person, and omitted to submit to the jury whether the defendant was guilty of assault with intent to rob, assault and battery, or simple assault. In this there was error." *State* v. *Becker* (1913), 159 Iowa 72, 76, 77, 140 N. W. 201, 203.

A charge of assault and battery with intent to commit a felony "necessarily embraces a charge of simple assault and battery." *DeHority* v. *State* (1939), 215 Ind. 390, 392, 19 N. E. 2d 945, 947. See also *Bryant* v. *State* (1933), 205 Ind. 372, 186 N. E. 322, *supra; Gillespie* v. *State* (1857), 9 Ind. 381; *Craig* v. *State* (1901), 157 Ind. 574, 62 N. E. 5, *supra.* Since the battery was charged, the lesser misdemeanor of assault was included within the charge. *Chandler* v. *State* (1895), 141 Ind. 106, 39 N. E. 444, *supra;* 46 Am. Jur., p. 166, § 61; 31 C. J., p. 869, § 523. It was error for the trial court to refuse to give appellant's requested instructions on the included misdemeanors of assault and battery, and assault.

Judgment reversed with instructions to sustain appellant's motion for new trial.

NOTE.—Reported in 99 N. E. 2d 743.