SULLIVAN *v.* STATE OF INDIANA.

[No. 29,418. Filed February 5, 1957. Rehearing denied March 19, 1957]

*George R. Jeffrey,* of Indianapolis, and *Robert L. Stevenson,* of Columbus, for appellant.

*Edwin K. Steers*, Attorney General, *Owen S. Boling* and *John J. McShane*, Deputy Attorneys General, for appellee.

PER CURIAM.—This is an appeal from a judgment in which the appellant was found guilty by a jury of voluntary manslaughter pursuant to Acts 1941, ch. 148, §2, p. 447, being § 10-3405, Burns' 1956 Replacement. Among the alleged errors properly assigned and presented are the following: (1) that the court erred in giving of its own motion Instruction No. 28 over the objection of the defendant-appellant; and (2) in refusing to give Instruction No. 16 tendered by the defendant-appellant. These instructions concern lesser offenses included in that of voluntary manslaughter as charged.

Instruction No. 28, and the record connected therewith, is as follows:

"If you find the defendant guilty of Voluntary Manslaughter as charged in the indictment the statute defining that offense prescribes the punishment, namely: that the defendant shall be imprisoned for an indeterminate period of not less than two (2) years nor more than twenty-one (21) years and it will not be necessary for you to fix the term of imprisonment in your verdict. If, therefore, you find the defendant guilty of Voluntary Manslaughter the form of your verdict in words or in substance should be:

'We the jury, find the defendant, Elizabeth Hazeltine Sullivan, guilty of Voluntary Manslaughter as charged in the indictment.'

"If you find the defendant not guilty, then the form of your verdict in words or in substance should be:

'We, the jury, find the defendant, Elizabeth Hazeltine Sullivan, not guilty.'

"You will be furnished with the suggested verdict forms in blank for your convenience; and when you have agreed upon your verdict you may use the

appropriate forms if you wish, or you may prepare and use your own form of verdict if you so desire."

"To the giving of which the defendant, out of the presence of the jury, and before argument, made the following oral objection: (formal parts omitted)

". . . defendant orally objects to instruction number twenty-eight (28), the court's written final instruction number twenty-eight (28), for the reason that the court has indicated there are only two possible verdicts in this cause, guilty of voluntary manslaughter or not guilty. We, in fact, submit there are included offenses of assault and battery with intent to kill, assault and battery and simple assault and we further object to the verdict form for the reason the included offenses are not included as under the law and should be in accordance with the court's instruction number twenty-eight (28)."

"THE COURT: Show that the defendant's objection to court's Instruction 28 overruled and also that the court will not give verdict forms on any included offenses but will only submit a verdict form on manslaughter and not guilty. Is that the only objection? . . ."

Defendant-appellant's tendered Instruction No. 16 refused by the court is as follows:

"You are instructed that in addition to finding the defendant guilty of the verdict of manslaughter, or of not guilty, under the indictment, you may find that defendant is guilty of the charge of assault and battery with intent to commit a felony, the charge of assault and battery, and the charge of assault."

The state first contends that the latter instruction (No. 16) is not properly worded in that it told a jury it could find the appellant guilty of manslaughter or not guilty, and at the same time, also find the appellant guilty of assault and battery with intent to commit a felony or a lesser offense. This seems to be giving a strained construction to the wording of

the instruction, and compels an insertion therein of the words "at the same time" to give it the clear meaning suggested by the state. We do not find this tendered instruction confusing or uncertain in its language. The court did not refuse it because of a lack of clarity, but rather because it differed with the appellant on the legal principle applicable, and the right to have an instruction on lesser offenses involved. This is revealed by the court's remark in overruling objections to court's Instruction No. 28. The appellant, after the court's ruling and remarks, was not required to tender further instructions on the form of verdicts. The law does not require the doing of a useless or futile act where it is made plain the act would be of no avail if tendered.

We come now to the main question involved, namely, the right to have the jury instructed that the appellant might be found guilty of lesser offenses included in that of manslaughter as charged in this case.

Acts 1905, ch. 169, §271, p. 584, being §9-1816, Burns' 1956 Replacement, reads as follows:

"Upon an indictment or affidavit for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit, and guilty of any degree inferior thereto or of an attempt to commit the offense."

Acts 1905, ch. 169, §272, p. 584, being §9-1817, Burns' 1956 Replacement, provides:

"In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that in which he is charged in the indictment or affidavit."

The application of these statutes is not as easy as it might at first appear. The difficulty arises in those cases where from the allegation of the offense charged there may or may not be a lesser offense included by reason of the wording of the charge. It is quite ap-

parent in a charge of homicide where death is alleged to have been caused by poisoning, that such a charge would not include a lesser offense of assault and battery. We must look to the wording of the offense charged in each case for a determination of what lesser offenses, if any, are included therein. The indictment in this case is worded as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that ELIZABETH HAZELTINE SULLIVAN on or about the 23rd day of December, A. D. 1954, at and in the County of Marion, and in the State of Indiana, did then and there unlawfully, feloniously and voluntarily kill one, JULIAN TARKINGTON SULLIVAN, a human being, in a sudden heat, but without malice, by then and there unlawfully, feloniously and voluntarily, but without malice, striking, cutting and stabbing at and against the body of the said JULIAN TARKINGTON SULLIVAN with a knife, then and there held in the hands of the said ELIZABETH HAZELTINE SULLIVAN, and did then and thereby inflict a mortal wound and injury in and upon the body of said JULIAN TARKINGTON SULLIVAN, and of which mortal wound the said JULIAN TARKINGTON SULLIVAN then and there and thereby died.

"And so the Grand Jurors aforesaid, upon their oaths aforesaid, do say and charge that the said ELIZABETH HAZELTINE SULLIVAN in the manner and means aforesaid, unlawfully, feloniously and voluntarily but without malice, and in a sudden heat, did kill the said JULIAN TARKINGTON SULLIVAN, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The case relied upon chiefly by the appellant is that of *Kleopfer* v. *State* (1928), 200 Ind. 287, 163 N. E. 93. In that case a defendant was charged in two counts with voluntary and involuntary manslaughter. He was tried by a jury, and found

guilty only of assault and battery. The defendant then contended that the verdict was invalid for the reason that he was found not guilty of the offenses charged in the indictment. This court there held against the defendant's contention, and stated on page 291:

"In the instant case, in the second count of the indictment, all the essential elements of the crime of assault and battery were stated. The commission of assault and battery was necessarily included in the offense of manslaughter, as charged. The jury could discharge the defendant of the higher offense and convict him of the minor offense, if the evidence warranted it."

The indictment in that case charged that the defendant unlawfully and feloniously killed one Richardson "by unlawfully and in a rude, insolent and angry manner touching, striking . . . wounding . . . him . . . with a club . . . inflicting a mortal wound . . . upon the head . . . of which mortal wound" Richardson died. In the present case instead of the words "in a rude, insolent and angry manner," usually found in a charge of assault and battery, we have instead the words "in a sudden heat." In our opinion such words are equivalent to "in an angry manner." We have held that the exact language of the statute in a charge of assault and battery need not be followed "but words which import the same meaning, if employed instead, will be sufficient." *Hazlett* v. *State* (1951), 229 Ind. 577, 99 N. E. 2d 743; *Chandler* v. *State* (1895), 141 Ind. 106, 39 N. E. 444.

There can be no question as to an assault and battery being involved when the offense charged is a homicide by stabbing. An analysis of the decisions in Indiana in this connection is set forth in 42 C. J. S., Indictments and Informations, §289, p. 1317, note 85 amply support the conclusions at

this point. *Bryant* v. *State* (1933), 205 Ind. 372, 186 N. E. 322; *West* v. *State* (1950), 228 Ind. 431, 92 N. E. 2d 852; *Hazlett* v. *State, supra,* (1951), 229 Ind. 577, 99 N. E. 2d 743; *State* v. *Hattabough* (1879), 66 Ind. 223; *State* v. *Throckmorton* (1876), 53 Ind. 354; *Behymer* v. *State* (1883), 95 Ind. 140; *Gillespie* v. *State* (1857), 9 Ind. 380.

However, our attention is called to the case of *Black-burn* v. *State* (1932), 203 Ind. 332, 180 N. E. 180. In that case the defendant was charged and found guilty of involuntary manslaughter, and as here, tendered an instruction refused by the court, in which he asked that the jury be charged that the defendant might be found guilty of a lesser offense of assault and battery or assault. The court in that case held no error was committed in refusing such an instruction. The indictment there alleged the defendant drove an automobile which collided with another automobile which resulted in the homicide. Some slight distinction might be made of the allegations in that case, and in that of *Kleopfer* v. *State, supra,* (1928), 200 Ind. 287, 163 N. E. 93, and in the present case before us. In our opinion, however, it is conceivable that an assault and battery may be committed in the operation of an automobile. The *Blackburn* case, *supra,* cites only the case of *House* v. *State* (1917), 186 Ind. 593, 117 N. E. 647, for its statement that neither the crime of assault, nor assault and battery, is included in or is a lesser degree of the offense of manslaughter. The *House* case, *supra,* did not involve manslaughter but rather a kidnapping.

The opinion in the Blackburn case is oblivious of all the previous law in Indiana on the point here involved. It does not mention the *Kleopfer* case, *supra,* decided just four years earlier in which three of the same judges concurred, including the writer of the Blackburn opinion. This court thereafter was just as oblivious of

the Blackburn case and continued to cite and refer to the Kleopfer case with approval. *Bryant* v. *State, supra,* (1933), 205 Ind. 372, 186 N. E. 322; *West* v. *State, supra,* (1950), 228 Ind. 431, 92 N. E. 2d 852; *Hazlett* v. *State, supra,* (1951), 229 Ind. 577, 99 N. E. 2d 743.

In so far as we can find the Blackburn case has never been cited or referred to by any court in any jurisdiction upon the point of law with which we are here concerned. In view of the failure of the Blackburn case to receive any recognition in Indiana, or any other jurisdiction, we are warranted in following the precedent set by the numerous cases in this state, particularly *Kleopfer* v. *State, supra,* (1928), 200 Ind. 287, 163 N. E. 93, and disapprove the Blackburn case as authority on the principle here involved. We are supported in our position by good authority in other jurisdictions. *State* v *Shaver* (1924), 197 Iowa 1028, 198 N. W. 329; *State of Arizona* v. *Hanks* (1941), 58 Ariz. 77, 118 P. 2d 71; *Davis* v. *State* (1944), 31 Ala. App. 508, 19 So. 2d 356, 357; *Beason* v. *State* (1912), 5 Ala. App. 103, 59 So. 712, *Watson* v. *State* (1902), 116 Ga. 607, 43 S. E. 32, 34, 35; *State* v. *McCall* (1954), 245 Ia. 991, 63 N. W. 2d 874, 877, 878; *People* v. *Abbott* (1893), 97 Mich. 484, 56 N. W. 862; *Scott* v. *State* (1882), 60 Miss. 268; *Commonwealth* v. *Shutte* (1889), 130 Penn. St. 272, 18 Atl. 635; *Lang* v. *State* (1886), 84 Tenn. 433, 1 S. W. 318, 319; *State* v. *Scott* (1852), 24 Vt. 127.

Under the law of this state the trial court had a duty to give to the jury not only appellant's instruction No. 16, but also forms for all the possible verdicts under the offense charged and the evidence.

Acts 1927, ch. 132, §14, p. 411, being §9-1805, Par. Fifth, Burns' 1956 Replacement, in part, states:

"In charging the jury the court must state to

them all matters of law which are necessary for their information in giving their verdict." 7. *Hazlett* v. *State* (1951), *supra,* 229 Ind. 577, 99 N. E. 2d 743; *Burris* v. *State* (1941), 218 Ind. 601, 34 N. E. 2d 928.

It was necessary for the jury to know in this case that they could find the appellant guilty of the lesser offenses included in the charge of manslaughter. ■ The appellant was entitled to have the jury told that they could find the appellant guilty of a charge of assault and battery with intent to commit a felony, assault and battery, or a simple assault in the event the evidence was such as to support such verdict and not sufficient to sustain an offense of a higher grade. Since there will be a new trial in this case the other points raised upon this appeal become moot, and we need give them no further consideration.

The judgment of the trial court is reversed with instructions to grant the appellant a new trial.

NOTE.—Reported in 139 N. E. 2d 893.