ENSIGN *v.* STATE OF INDIANA.

[No. 30,892. Filed April 2, 1968.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Donald R. Ewers,* Assistant Attorney General, and *James B. Droege,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from a judgment of conviction in the Marion Criminal Court of Marion County, Indiana, Division Two. Appellant was charged by indictment with the crime of involuntary manslaughter, to which he entered a plea of not guilty. Trial by jury resulted in a verdict of guilty of assault and battery. Judgment was entered on the verdict sentencing appellant to the Indiana State Farm for one hundred fifty (150) days.

The indictment, omitting formal parts, reads as follows, to-wit:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that RICHARD ENSIGN on or about the 31st day of October, A.D., 1963, at and in the County of Marion and in the State of Indiana, did unlawfully and feloniously kill one ETHEL M. REYNOLDS, a human being, involuntarily while in the commission of an unlawful act, to-wit: that at said time the defendant, while acting as an employee of the Discount Gas Corporation, an Indiana corporation, did unlawfully, reck-

lessly and wantonly cause three (3) containers of propane liquid petroleum gas each of the size commonly referred to as one hundred (100) pound cylinders to be taken into the Coliseum Building located on the Indiana State Fairgrounds in the County of Marion, State of Indiana and did then and there recklessly and wantonly cause said three containers of propane liquid petroleum gas to be placed and stored in a place not especially provided or intended for the placement, storage and use of propane liquid petroleum gas containers and in which place and under conditions wherein an explosion from such propane liquid petroleum gas was likely to result from the said placement, storage and use, and thereafter, on said date, as a proximate result of said reckless and wanton disregard for the safety of persons who lawfully entered said Coliseum Building, including the said ETHEL M. REYNOLDS, who was then and there lawfully in the Coliseum Building an explosion did occur then and there and thereby inflicting mortal wounds upon the body of the said ETHEL M. REYNOLDS, of which mortal wounds the said ETHEL M. REYNOLDS then and there and thereby died.

And so the Grand Jurors aforesaid, upon their oaths aforesaid, do say and charge that the said RICHARD ENSIGN did then and there unlawfully and feloniously but involuntarily kill the said ETHEL M. REYNOLDS in the manner and form and by the means aforesaid, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

On January 30, 1964, a Plea in Abatement was filed by the appellant alleging, inter alia, the indictment was illegal and void by reason of the failure to enter proper orders on the Order Book of the General Term of the Criminal Court of Marion County, Indiana and by reason of failure to comply with certain statutory requirements.

On February 18, 1964, the Prosecuting Attorney for the 19th Judicial Circuit filed answer to the Plea in Abatement in which he denied all material allegations, if any, contained in rhetorical paragraphs numbered 1 through 9, inclusive.

On June 5, 1964, a hearing was held on the Plea in Abatement, evidence was heard and concluded and the court took

the matter under advisement. On July 27, 1964, the court over-ruled the Plea in Abatement.

On October 7, 1964, appellant filed his Motion to Quash Indictment, which, omitting formal parts, reads as follows:

"1. That the facts stated in the indictment do not con-stitute a public offense.

2. That the indictment does not state the offense with sufficient certainty."

The Motion to Quash the Indictment was overruled by the court on January 11, 1965.

On January 25, 1965, appellant waived arraignment and entered his plea of not guilty.

Trial by jury began on July 6, 1964, and concluded on July 19, 1965, when the jury returned a verdict of guilty of assault and battery and fixed the punishment at imprisonment for one hundred fifty (150) days.

On July 28, 1965, a Motion in Arrest of Judgment was filed, which, omitting formal parts, reads as follows:

"1. That the facts stated in the indictment do not con-stitute a public offense under the laws of the State of Indiana."

The Motion in Arrest of Judgment was overruled by the trial court on the day filed.

On August 5, 1965, the appellant filed his Motion to Modify Judgment, which, omitting formal parts, reads as follows:

"1. That the defendant was indicted on December 9, 1963, and charged with involuntary manslaughter.

2. That on July 19, 1965, a jury returned a verdict against this defendant for assault and battery, and fixed his punishment at One Hundred Fifty (150) days imprison-ment.

3. That on July 28, 1965, the Court entered judgment on the verdict returned by the jury.

4. That assault and battery is not a lesser included offense in the crime of involuntary manslaughter as charged in the instant indictment."

On August 10, 1965, the appellant filed his Motion for New Trial, which in pertinent parts reads as follows, to-wit:

"1.   Irregularities in the proceedings of the Court and orders of Court by which the defendant was prevented from having a fair trial, in this, to-wit:

a.   The Court erred in overruling the Plea in Abatement filed by the defendant herein.

b.   The Court erred in overruling the Motion to Quash filed by the defendant herein.

. . . .

5.   Error of law in that the Court refused to give to the jury Instruction No. 2 tendered by the defendant.

6.   Error of law in that the Court refused to give to the jury Instruction No. 3 tendered by the defendant.

7.   Error of law in that the Court refused to give to the jury Instruction No. 4 tendered by the defendant.

8.   Error of law in that the Court refused to give to the jury Instruction No. 5 tendered by the defendant.

9.   Error of law in that the Court refused to give to the jury Instruction No. 6 tendered by the defendant.

10.   Error of law in that the Court refused to give to the jury Instruction No. 7 tendered by the defendant.

11.   The Court erred in overruling the Motion in Arrest of Judgment filed by the defendant herein. . . ."

On September 20, 1965, appellant's Motion to Modify Judgment and Motion for New Trial were overruled by the court.

Appellant's Assignment of Errors, omitting formal parts, reads as follows, to-wit:

"1. That the Court erred in overruling the appellant's Motion For New Trial.

2. That the Court erred in overruling the appellant's Motion to Modify the Judgment."

Appellant asserts that the trial court erred in overruling his Motion to Quash. He contends that the facts stated in the indictment do not constitute a public offense.

"Crimes and misdemeanors shall be defined and punishment therefor fixed by statutes of this state and not otherwise." 1 R. S. 1852, ch. 61, § 2, p. 351, being § 9-2401 Burns' 1956 Repl.

Appellant was charged with the crime of involuntary manslaughter which is defined by Acts 1941, ch. 148, § 2, p. 447, being § 10-3405 Burns' 1956 Repl., as follows:

"Whoever voluntarily kills any human being without malice, expressed or implied, in a sudden heat, or involuntarily in the commission of some unlawful act, is guilty of manslaughter, . . ."

The indictment against appellant has been previously set forth in this opinion. It is obvious that the allegations contained in the indictment are not based upon the violation of any statute of the State of Indiana. The indictment apparently attempts to charge violation of certain rules and regulations of the Fire Marshal of Indiana. The legislature cannot delegate its express authority defining criminal responsibility to anyone. The only statutes empowering the Fire Marshal to make rules and regulations specifically limits them. This Court has previously held those sections were not designed nor intended to confer law making power upon the Fire Marshal. His authority to make rules and regulations does not include legislative power. *Hollywood Theatre Corp.* v. *City of Indianapolis* (1941), 218 Ind. 556, 34 N. E. 2d 28; *Town of Kirkland* v. *Everman* (1940), 217 Ind. 683, 28 N. E. 2d 73, 29 N. E. 2d 206.

Appellant's Motion to Quash should have been sustained.

Appellant next argues his assignment of error that the trial court erred in overruling his Motion to Modify Judgment on the theory that the crime of assault and battery is not a lesser included offense in the crime of involuntary manslaughter as charged in the indictment in the case at bar.

The crime of assault and battery is defined by Acts 1905, ch. 169, § 354, p. 584, as amended, being § 10-403 Burns' 1956 Repl., as follows:

"Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, . . ."

We must look to the wording of the indictment to determine whether assault and battery is a lesser offense included therein. *Sullivan* v. *State* (1957), 236 Ind. 446, 139 N. E. 2d 893.

In the case at bar the indictment for involuntary manslaughter contains no allegations to support or permit a conviction for assault and battery. The indictment fails to allege that appellant did anything in a rude, insolent or angry manner. The indictment fails to allege any of the essential elements of assault and battery; therefore, assault and battery cannot be a lesser included offense of involuntary manslaughter as charged in the indictment.

In view of the determination we are compelled to make in this case we deem it unnecessary to discuss other issues raised by the appellant.

The judgment is reversed, and the cause is remanded with instructions to grant appellant's Motion for New Trial.

Lewis, C. J. and Hunter and Mote, JJ. concur; Arterburn, J. concurs in result.

NOTE.—Reported in 235 N. E. 2d 162.