STATE OF INDIANA *v.* STEVE R. KELSEY.

[No. 374A35. Filed April 3, 1975.]

*Theodore L. Sendak*, Attorney General, *G. Philip Duckwall*, Deputy Attorney General, for appellant.

*Robert L. Mellen, Jr.*, of Bedford, *William L. Thompson*, of Salem, for appellee.

ROBERTSON, C.J.—The State appeals from a directed verdict acquitting defendant-appellee, Kelsey, of charges of reckless homicide and involuntary manslaughter.

The sole issue on appeal is whether the trial court erred in directing the verdict.

Finding that the directed verdict was improperly granted, we sustain the appeal.

The criminal charges against Kelsey stem from an auto-truck collision which occurred on State Road 60, two miles south of Salem, Indiana. Kelsey was driving a semi tractor-trailer toward Salem at a speed of less than fifty miles per hour. Five or six cars were immediately ahead of Kelsey and one or two were behind. The driver of one of the cars following Kelsey stated that the truck had been weaving back and forth within its own lane for three or four miles as if Kelsey were trying to find a place to pull off or turn. Suddenly the truck swerved across the center line at a 45 degree angle into the oncoming traffic. A station wagon swerved and narrowly missed a collision, but a pickup truck was unable to avoid Kelsey and was struck in the rear. Almost immediately, Kelsey's truck collided head on with another auto whose driver died of injuries sustained in the crash.

The cause of the accident was subject to dispute. The driver of the pickup truck testified that it appeared Kelsey crossed the center line in an effort to pass, although the accident occurred in a no-passing zone. However, another witness stated that it appeared as if Kelsey had fallen asleep. As it appeared to this witness, Kelsey was not trying to pass

"because he didn't pull out and turn; he just went straight over there."

At the conclusion of the State's evidence, Kelsey filed a motion for directed verdict which the trial court granted as to both charges. This appeal follows.

A directed verdict is properly granted only where there is a total absence of evidence on some essential element of the offense charged, or where the evidence is without conflict and is susceptible of but one inference in favor of the accused. *State* v. *Overmyer* (1973), 155 Ind. App. 689, 294 N.E.2d 172.

Reckless homicide is defined by IC 1971, 9-4-1-54(a) (Burns Code Ed. 1973):

> "Any person who drives a vehicle with reckless disregard for the safety of others and thereby causes the death of another person shall be guilty of the offense of reckless homicide."

Involuntary manslaughter is defined by IC 1971, 35-13-4-2, Ind. Ann. Stat. § 10-3405 (Burns Supp. 1974):

> "Whoever kills any human being without malice, expressed or implied, involuntarily but in the commission of some unlawful act, is guilty of involuntary manslaughter * * *."

It has been held that the essential elements of both offenses are the same. *Cichos* v. *Indiana* (1966), 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed.2d 175. If the evidence is sufficient to sustain a conviction on one, it is sufficient to sustain a conviction of the other. *Young* v. *State* (1974), 161 Ind. App. 532, 316 N.E.2d 435.

For a conviction of reckless homicide, it was necessary for the State to prove that Kelsey drove his vehicle with reckless disregard of the safety of others thereby causing the death of another person. There was ample evidence presented to show that Kelsey's driving caused another's death. The question is whether the State's evidence would support an inference that Kelsey's driving amounted to a reckless disregard for the safety of others.

Mere negligence is not sufficient to show a reckless disregard. *Napier* v. *State* (1971), 255 Ind. 638, 266 N.E.2d 199; *Siebert* v. *State* (1959), 239 Ind. 283, 156 N.E. 2d 878. Moreover, it has been held that the mere fact that a person crosses the center line while driving could be a completely accidental occurrence and can not be considered driving with reckless disregard. *DeVaney* v. *State* (1972), 259 Ind. 483, 288 N.E.2d 732.

However, the facts in the present case also allow an inference that Kelsey had consciously and deliberately crossed a yellow, no-passing line in order to pass another vehicle. An eyewitness to the crash testified that it appeared Kelsey had done so.

The jury could have inferred a deliberate act of passing in the face of a known danger amounting to a reckless disregard for the safety of others. Certainly, we cannot say that there was a total absence of evidence on the element of reckless disregard, or that the evidence presented would only support an inference in Kelsey's favor.

Whether Kelsey's act of crossing the center line exceeded mere negligence and became a reckless act was a question of fact for the jury. The trial court erred in granting a directed verdict.

Appeal sustained.

Lowdermilk and Lybrook, JJ., concur.