BERNARD BECK *v.* STATE OF INDIANA.

[No. 1-276A27. Filed June 9, 1976. Rehearing denied July 16, 1976. Transfer denied September 13, 1976.]

*Frederick J. Graf, Martz, Beatty, Hinds & Wallace,* of Indianapolis, *William F. Wurster,* of Indianapolis, *John G. Tinder,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles M. Russell,* Deputy Attorney General, for appellee.

## CASE SUMMARY

LOWDERMILK, J.—Defendant-appellant (Beck) was charged in Hancock County with aggravated assault and battery[1] and on change of venue was convicted of assault and battery. Beck appeals his conviction for simple assault and battery[2] in Wayne Circuit Court.

We affirm.

## FACTS

The conviction of defendant-appellant, Bernard Beck (Beck), on August 19, 1975, for assault and battery stemmed from events that transpired on March 10, 1974, at a nursing home owned by Beck. One of the patients there, William McKinley Barrett (Barrett), had strolled away. He was found by a neighbor who returned the patient, who had suffered no injuries during his excursion. Barrett cooperated with a nurse's aide, Jolinda Martin (Martin), who removed Barrett from the auto and started to walk him into the nursing home. Beck grabbed Barrett by one arm and began to hustle him toward the back door of the home at a gait much more rapid than that at which the 76 year old patient normally walked. Beck cursed at Barret, promising to "fix him."

While propelling Barrett up three steps and through the rear door Beck's hands and arms were seen to come back and then go forward, after which Barrett immediately fell face

---

1. IC 1971, 35-13-3-1 (Burns Code Ed.)
2. IC 1971, 35-1-54-4 (Burns Code Ed.)

first to the floor sustaining a deep cut on the bridge of his nose which was laid open exposing the bone, another cut over his right eye, and bleeding from the mouth.

## ISSUES

Beck raises the following issues for the court:

1. Judgment contrary to law and to the evidence.

2. Whether simple assault and battery is a lesser included offense within the charge of aggravated assault and battery.

3. Denial of due process of law.

4. Error in refusing to grant Beck's motion for judgment on the evidence at the conclusion of the State's evidence.

5. Judgment not supported by sufficient evidence.

## DECISION

ISSUES ONE AND TWO:

Issues one and two will be treated together, pursuant to Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7). Beck contends that the conviction is contrary to law because assault and battery is not a lesser included offense of the charge of aggravated assault and battery.

IC 1974, 35-1-39-2 (Burns Code Ed.), provides:
"[T]he defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the . . . information."

However, a conviction of an offense that is neither charged nor included in the crime charged as a lesser offense ■ thereof is contrary to law. *House* v. *State* (1917), 186 Ind. 593, 117 N.E. 647.

It is the law in this State that an offense is necessarily included in the greater if it is impossible to commit the greater without also having committed the lesser. ■ *Pruitt* v. *State* (1975), 166 Ind. App. 67, 333 N.E.2d 874; *Certain* v. *State* (1973), 261 Ind. 101, 300 N.E. 2d 345; *Cook* v. *State* (1972), 258 Ind. 667, 284 N.E.2d 81.

Thus a defendant charged with one crime cannot be convicted of another offense of lesser magnitude under IC 1974, 35-1-39-2 unless a conviction of the crime charged requires proof of all the elements of the lesser offense plus the additional element which makes the difference in the two offenses. *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498; *Watford* v. *State* (1957), 237 Ind. 10, 143 N.E.2d 405; *House, supra.*

We have listed the essential elements making up the offense of aggravated assault and battery as an intentional and unlawful infliction of great bodily harm or disfigurement upon another person. *Lambert* v. *State* (1974), 159 Ind. App. 303, 306 N.E.2d 115; IC 1971, 35-13-3-1 (Burns Code Ed.).

The elements of simple assault and battery are (1) the unlawful touching (2) of another person (3) in a rude, insolent or angry manner. *Allison* v. *State* (1973), 157 Ind. App. 277, 299 N.E.2d 618; IC 1971, 35-1-54-4 (Burns Code Ed.).

Both offenses require a touching, if we give the word "inflict" its common meaning of "to give by striking." Webster's Seventh New Collegiate Dictionary (1965). Both require another person to be touched. Although neither great bodily harm nor disfigurement is a required result of the touching under the statute defining simple assault and battery, a touching causing such result would necessarily be, at least, "rude" within that statute, according the term its normal meaning of "offensive" or "savage." Webster's, *supra.*

Our Supreme Court said, in *Hash* v. *State* (1972), 258 Ind. 692, 696-7, 284 N.E.2d 770,

"The foregoing test, however, must not be administered merely by applying the elements of the respective crimes as defined by the statutes; but rather, it is also necessary to look to the charging [information] to see if a lesser offense is necessarily included in the greater one, as charged."

Beck contends that the information in this case did not allege a simple assault and battery. The body of the information states:

> "Jolinda Martin, being sworn, on . . . her oath, says that Bernard Beck on or about the 10th day of March, 1974, at said County of Hancock, and State of Indiana, did then and there unlawfully, feloniously and intentionally inflict great bodily harm upon another person, to wit: William McKinley Barrett, then and there being contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

Beck relies on *Ensign* v. *State* (1968), 250 Ind. 119, 235 N.E.2d 162, where an indictment for involuntary manslaughter did not contain allegations to support or permit a conviction for simple assault and battery because it failed to allege that the defendant-appellant did anything in a rude, insolent or angry manner.

But *Ensign, supra,* purported to follow *Sullivan* v. *State* (1957), 236 Ind. 446, 139 N.E.2d 893, which states, at 452:

> ". . . In the present case instead of the words 'in a rude, insolent and angry manner,' usually found in a charge of assault and battery, we have instead the words 'in a sudden heat.' In our opinion such words are equivalent to 'in an angry manner.' We have held that the exact language of the statute in a charge of assault and battery need not be followed 'but words which import the same meaning, if employed instead, will be sufficient.' " (Citations omitted.)

In the same vein:

> "It is appellant's contention that the affidavit was fatally defective in that assault and battery was an essential element of the crime and therefore it was necessary that it allege that the offense was committed 'in a rude, insolent or angry manner,' as provided in the assault and battery statute. [Citation omitted.] The position is untenable. When the affidavit charged that the assault consisted of shooting another human being, with the intent to murder, the allegation was tantamount to alleging that the assault committed was 'in a rude, insolent or angry manner,' within the language of the statute." *Anderson* v. *State* (1959), 239 Ind. 372, 377, 156 N.E.2d 384.

Thus the information in the case at bar is sufficient to charge Beck with simple assault and battery for the reason that it employs words which, given their fair meaning, encompass a rude, unlawful touching of another person.

There must also be some evidence of probative value to support a conviction for a lesser included offense. *Robinson* v. *State* (1974), Ind. App., 309 N.E.2d 833, rev'd on other grounds, 262 Ind. 463, 317 N.E.2d 850; *Hash, supra.* In this case there was ample evidence to show that Beck unlawfully touched Barrett in a rude and angry manner.

Our first conclusion is that Beck's conviction was not contrary to the evidence. We also conclude, based on our above analysis for determining when there is a lesser included offense, that simple assault and battery under the facts of the instant case constitutes a lesser included offense within the charge of aggravated assault and battery. Therefore, Beck's conviction for the lesser offense was not contrary to law.

ISSUE THREE

Beck argues that the trial court deprived him of his constitutional right to due process of law.

"It is a denial of due process of law to convict an accused of a charge not made." *Hazlett* v. *State* (1951), 229 Ind. 577, 583, 99 N.E.2d 743.

Inasmuch as Beck was convicted of an offense included in the crime charged, he was not denied due process of law.

ISSUE FOUR

Beck claims reversible error in the trial court's refusal to grant his motion for judgment on the evidence at the close of the State's evidence. Since the State produced evidence pertaining to each essential element of simple assault and battery and since this evidence was susceptible of an inference in favor of the State, we conclude that the trial court properly denied Beck's motion. *State* v. *Kelsey* (1975), 163 Ind. App. 543, 325 N.E.2d 218.

## ISSUE FIVE

Beck lastly presents the issue of whether his conviction was supported by sufficient evidence. We do not weigh the evidence nor consider the credibility of witnesses; we look to the evidence most favorable to the State and the reasonable inferences to be drawn therefrom. We find there was substantial evidence of probative value from which the court could infer Beck's guilt beyond a reasonable doubt. Therefore we must not disturb the conviction. *Tewell* v. *State* (1976), 264 Ind. 88, 339 N.E. 2d 792.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 348 N.E.2d 409.