DWAYNE TAYLOR, STERLING CARTER AND HENRY CARTER
*v.* STATE OF INDIANA

[No. 3-178A3. Filed December 28, 1978.]

*Allen B. Zaremba, William S. Spangler, Jr., Spangler, Jennings, Spangler & Dougherty,* of Gary, for appellants.

*Theodore L. Sendak,* Attorney General of Indiana, *Robert J. Black,* Deputy Attorney General, for appellee.

STATON, J.—Dwayne Taylor, Sterling Carter and Henry Carter were found guilty of robbery. In their appeal to this Court, they contend that the convictions are not supported by sufficient evidence. Additionally, Henry Carter argues that reversible error was committed when the trial was resumed on its second day in his absence.

We affirm.

## I.

### Sufficiency of the Evidence

The evidence shows that on April 19, 1977, Dwayne Taylor, Sterling Carter and Henry Carter decided to commit a robbery. Henry Carter entered a tavern, for the purpose of "casing" it, and began conversing with one of the bartenders. Henry then left and reported his observations to the other men. Shortly thereafter, Taylor and Sterling Carter entered the tavern, brandished handguns and announced that a robbery was in progress. Taylor took $280 from the cash register and $150 from the bartender, while Sterling appropriated several bottles of liquor, some cigarettes and two rifles. The two men then left the tavern and rode away in a car driven by Henry. They were apprehended within minutes.

The material elements of the crime of robbery are: (1) an unlawful taking; (2) of any article of value; (3) from the person of another; (4) by violence or putting in fear. *Jackson v. State* (1971), 257 Ind. 477, 275 N.E.2d 538. The appellants contend that the record is devoid of any evidence showing that they used violence or that the bartender was "put in fear" and that the convictions, therefore, are not supported by sufficient evidence.

A conviction will not be disturbed for insufficiency where an examination of the record discloses substantial evidence of probative value on each material element of the offense. Furthermore, in conducting such an examination, we look not only at the evidence most favorable to the State but also at the reasonable inferences that can be drawn therefrom. *Rinard v. State* (1976), 265 Ind. 56, 351 N.E.2d 20.

Thus, it is not essential to a robbery conviction that the victim specifically testify that he was "in fear." *Chatman v. State* (1975), 164 Ind.App. 97, 326 N.E.2d 839. Our courts have consistently held that the mere appearance that the perpetrators of the crime were in possession of a gun or other weapon establishes the inference that the victim was "put in fear." *Gregory v. State* (1975), 164 Ind.App. 659, 330 N.E.2d 130.

The convictions are supported by sufficient evidence.

## II.

### Henry Carter's Absence From the Trial

The trial began on September 19, 1977. After adjourning court at the end of the day, the judge informed the parties that the trial would be resumed at 9:00 the following morning. At 9:00 on September 20, the judge, the jury, the witnesses, the attorneys (including Henry's) and Henry's co-defendants were ready to proceed. Henry, however, was nowhere to be found. The judge waited for an hour, but Henry still did not appear. Henry's attorney then indicated that it was his understanding that Henry's absence was due to "a problem regarding transportation." The judge resumed the trial after concluding that Henry had waived his right to be present. Approximately one hour later, Henry arrived. When asked by the judge why he was late, Henry stated, "Transportation, my mother didn't come to pick me up in time. She had to drop the kids off at school."

Henry now argues that the resumption of the trial in his absence violated IC 1971, 35-1-28-1, Ind.Ann.Stat. § 9-1801 (Burns Code Ed.)[1] and his constitutional right to be present at his own trial.

Our courts have long held that the statutory provision, inasmuch as it was promulgated for the benefit of the accused, can be waived by the defendant. *McCorkle v. State* (1859), 14 Ind. 39. Similarly, the United States Supreme Court has determined that the corresponding constitutional rights can be waived. *Snyder v. Massachusetts* (1934), 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674. The question we must resolve, then, is whether Henry's conduct did, in fact, constitute a waiver of his right to be present at the trial.

It is essential to note that this is not a case where the defendant was incarcerated at the time of the trial. Henry was at liberty on bond and, accordingly, it was his responsibility to arrange for his transportation to and timely arrival at the trial. We would think that a trial for robbery would be an event of such significance that a defendant would take

---

1. That statute, which was in effect at the time of the trial but has since been repealed, provided: "No person prosecuted for any offense punishable by death, or by confinement in the state prison or county jail, shall be tried unless personally present during the trial."

measures to insure his timely arrival. Apparently Henry thought otherwise.

We are aware that occasionally problems or emergency situations will arise which will, despite his good faith efforts, prevent a defendant's timely arrival. Thus, a defendant's failure to appear on time does not, in and of itself, constitute a waiver of his right to be present.[2] A defendant's continued absence, when coupled with a failure to notify the court and provide it with an adequate explanation therefor, however, does constitute such a waiver. In those instances, the decision as to whether to resume the trial or to wait even longer is one committed to the discretion of the trial court and becomes reviewable only for an abuse thereof.

Henry lived in Gary, Indiana; the trial was held in Crown Point, Indiana, so there was only a short distance between his home and courthouse. He had been in the courthouse on previous occasions, including the day before, so he knew how to get there and how long it took him to get there. He knew the trial was set to resume at 9:00, so he knew when he had to leave his house to arrive at the trial on time. Henry should have inquired, in advance, as to whether his mother had any other commitments which might possibly interfere with his transportation to the courthouse. Furthermore, when the time for departure was at hand and his mother still had not arrived, Henry should have resorted to alternative means of transportation. If Henry truly desired to arrive at the trial by 10:00, it is apparent that he could have and should have.

The trial court did not abuse its discretion in resuming the trial in Henry's absence.

The judgments of the trial court are affirmed.

Garrard, P.J., and Hoffman, J., concur.

NOTE—Reported at 383 N.E.2d 1068.

---

2.   We thus endorse the procedure adopted by the court below of waiting a reasonable period of time. What is reasonable, of course, will depend on the circumstances.