Dimitar MITEFF, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 3–281A46.

Court of Appeals of Indiana,
Fourth District.

June 15, 1981.

Rehearing Denied July 14, 1981.

Lindsay P. Schneider, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHIPMAN, Judge.

Defendant Miteff was convicted of speeding[1] and raises only one issue for our review: whether the trial court erred by entering a finding of guilty when Miteff failed to appear on the day scheduled for trial. We affirm.

On March 17, 1979, Miteff, a Michigan resident, was ticketed for speeding near Fort Wayne, Indiana. Pursuant to Ind. Code 9–4–1–131(b) Miteff posted a $75.00 security deposit and was released from custody. The security deposit agreement which Miteff signed told him of the various consequences flowing from a plea of guilty.[2] The agreement also read, "Defendant's signature acknowledges his understanding and intention that a failure to appear will result in a finding of guilty."

On April 6, 1979, Miteff entered a written plea of not guilty[3] and requested a trial setting; trial was set for June 6, 1979. When the defendant failed to appear for trial on June 6, the trial court entered a plea of guilty in the defendant's behalf and found him guilty as charged.[4] Miteff's motion to correct error was denied, and he appealed.

Ind.Code 9–4–1–131[5] outlines the procedure a non-resident motorist can follow

---

1. Ind.Code 9–4 1–57.

2. The printed security deposit form read:
 "If you do plead guilty, then under Indiana law you are:
 (1) Admitting the truth of the material facts alleged in the complaint;
 (2) Waiving your rights to a public and speedy trial by jury;
 (3) Waiving your rights to face your accuser and all witnesses against you and to cross-examine them;
 (4) Waiving your rights to have compulsory process, if necessary, for production of witnesses who might be favorable to you;
 (5) Waving (sic) your rights to require the State to prove your guilt at a trial at which you may not be compelled to testify."

3. Miteff entered his plea in a letter to the trial court.
 This letter was in response to an entry by the court on March 27, 1979, which read, "The defendant appears and enters a plea of guilty. The Court now finds the defendant guilty as charged ...." The March 27 entry was subsequently stricken from the record due to the fact that defendant Miteff was not originally scheduled to appear for trial until April 9, 1979.

4. The trial court simply ordered the March 27, 1979, entry reinstated. See footnote 3, *supra*.

5. Ind.Code 9–4–1–131 reads, in pertinent part, as follows:

 "(b) Whenever a person who is not a resident of this state is arrested for a violation of any statute or ordinance regulating the use and operation of a motor vehicle, not punishable as a felony, and is not immediately taken to court as provided in section 130 of this chapter, the person shall be released from custody upon the deposit of a security. The security shall be:

 (1) the non-resident's license to operate a motor vehicle;

 (2) the amount of the fine and costs of the offense in the form of cash, money order or traveler's check made payable to the clerk of the court; or

 (3) a valid motor club card of any motor club which, by written plan approved by the secretary of state as provided in section 132.5 of this chapter, shall guarantee the non-resident's deposit in the amount of the fine and costs.

 The proper court shall provide a list of security deposits which shall be equal to the fine and costs of the offense, and a security deposit agreement which shall act as a receipt for the deposit. A non-resident who does not choose

when he is arrested for a traffic violation not punishable as a felony. It requires the posting of a security deposit before being released from custody. As a condition of his release, the non-resident must sign a statement to the effect that his failure to appear for trial will result in the court entering a guilty plea in his behalf. The non-resident is told of the consequences flowing from the entry of the guilty plea.

While appellant casts the issue in this appeal quite broadly as, "whether fundamental error and a denial of due process occurred" when the trial court entered a guilty plea in this case, his argument slips into an inapposite discussion of whether he waived his constitutional right to be present at his trial, citing cases such as *Brown v. State*, (1979) Ind.App., 390 N.E.2d 1058 and *Taylor v. State*, (1978) Ind.App., 383 N.E.2d 1068. Of course, in the present case there was *no* trial. The trial court simply proceeded under the authority granted by IC 9–4–1–131 and entered a plea of guilty for the defendant when he failed to appear. The lower court did not purport to make any determination as to the reason for the defendant's absence. Significantly, Miteff does not challenge the constitutionality of the procedure embodied in IC 9–4–1–131, nor does he raise apparent inconsistencies between IC 9–4–1–131 and the procedures for traffic cases outlined in Ind.Code 9–4–7–6[6] and Ind.Code 9–4–7–9.[7] In fact, ap-

to deposit a security shall be taken to the proper court.

(c) The agreement for the security deposit and the written promise to appear in court must contain a citation of the offense committed, the name and address of the person accused of committing the violation, the number of his license to operate a motor vehicle, the registration number of his vehicle if any, and the time and place the motorist must appear in court. The time specified for appearance must be at least five (5) days after the arrest unless the arrested motorist demands an earlier hearing. The place specified for appearance must be in the proper court within the county where the motorist was arrested. The non-resident shall be properly informed of the consequences of a guilty plea. *The agreement for the security shall also contain a provision whereby the non-resident agree that the court shall take permanent possession of the deposit, and if the non-resident fails to appear in court or is not represented in court a guilty plea shall be entered on the court's record in behalf of the non-resident.* Upon proper appearance or representation, the security shall be returned to the non-resident.

(d) A non-resident may deposit his license to operate a motor vehicle with the arresting officer as security for release. A non-resident must, by the date required on the security deposit agreement, appear in court, be represented in court, or deliver to the court by mail or courier the amount of the fine and costs prescribed for the offense. The license to operate a motor vehicle shall be returned to the non-resident upon payment of the fine and costs and entry of a guilty plea or upon other judgment of the court. Until a judgment has been entered upon the court's records, the non-resident's copy of the security deposit agreement shall act as a temporary license to operate a motor vehicle. Upon failure to appear or to be represented, the non-resident's license to operate a motor vehicle and a copy of the judgment shall be sent by the court to the Indiana bureau of motor vehicles which shall notify the appropriate agency in accordance with IC 9–4–7–6.

(e) A non-resident who requests to deposit a security in the amount of the fine and costs shall be accompanied to the nearest United States mail receptacle and instructed by the arresting officer to place the amount of the fine and costs and one (1) signed copy of the security deposit agreement into a stamped, addressed envelope which the proper court shall supply to the officer for the motorist. The officer shall observe this transaction and shall observe the non-resident as he deposits the envelope in the mail receptacle. The non-resident shall then be released from custody and given a copy of the security deposit agreement. *If the non-resident does not appear in court or is not represented in court at the time and date specified on the receipt, a guilty plea shall be entered and the security deposit shall be used to satisfy the amount of the fine and costs prescribed for the offense."* (emphasis added)

6. IC 9–4–7–6 provides, in pertinent part:

"(b) Nonresidents. If a defendant not a resident of this state fails to appear or answer a traffic summons served upon him and upon which the information has been filed, thirty (30) days after the return date of the information and summons, the court shall promptly forward the bureau of motor vehicles copy of the traffic information and summons to the Indiana bureau of motor vehicles, and it shall be the duty of the commissioner of the Indiana bureau of motor vehicles to notify the motor vehicle commission of the state of the non-resident defendant of the defendant's failure to appear and also of

pellant does not cite any of these statutes in his brief. We are therefore drawn to the conclusion that the argument and supporting citations presented by Miteff present no issue for our review. Other issues concerning the procedures employed in this case which might have been raised have not been properly presented for our consideration.

Affirmed.

MILLER, J., and YOUNG, P. J., concur.

any action taken by the Indiana commissioner of motor vehicles relative to the Indiana driving privileges of said defendant. *If the defendant fails to appear or otherwise answer within thirty (30) days, the court shall mark the case as closed on its records, subject to being reopened if the defendant thereafter appears or otherwise answers.*

(c) Suspension. When the bureau of motor vehicles receives a copy of the traffic information and summons for failure to appear in court, the commissioner shall forthwith suspend the driving privileges of the defendant *until such time as the defendant shall have appeared in court and the case shall have been reopened and disposed of.* The order of suspension may be served upon the defendant by mailing it by first class mail to the defendant at the last address shown for him by the records of the department. The order shall take effect on the date it is mailed.

In the case of nonresidents of Indiana, the order of suspension shall be mailed to the defendant at the address given by him to the arresting officer, as shown by the traffic information. The order shall take effect on the date of mailing. A copy of the order shall also be sent to the motor vehicle commissioner of the state of the nonresident defendant. *In any case where the defendant's failure to appear in court has been certified to the commissioner of motor vehicles in accordance with the provisions of this chapter, and such defendant shall subsequently appear in court to answer the charges against him, such court shall reopen the case and proceed to hear and determine the case in the same manner as all other cases pending in said court, and, upon final determination of said case, the court shall notify the commissioner of motor vehicles of such determination upon forms prescribed by the commissioner."* (emphasis added)

7. IC 9–4–7–9 provides:

"Before accepting a plea of guilty to a traffic offense other than parking, standing, or non-moving, *the court shall inform the defendant of his rights,* which shall include, but not be limited to, the right:

(1) to engage counsel;

(2) to a reasonable continuance to engage counsel to subpoena witnesses;

(3) to have process issued by the court, without expense to him, to compel the attendance of witnesses in his behalf;

(4) to testify or not to testify in his own behalf;

(5) to a trial by jury; and

(6) to appeal.

The court shall inform the defendant if he is convicted, that a record of the conviction will be sent to the motor vehicle commissioner of this state or of the state where defendant received his license to drive, to become a part of his driving record." (emphasis added)