**Marvin AUSTIN, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 3–481A112.

Court of Appeals of Indiana,
Third District.

Sept. 28, 1981.

Howard H. Hill, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Frederick N. Kopec, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Marvin Austin was convicted by a jury of battery, a Class C felony.[1] He urges the following alleged errors for our review:

(1) Whether there was sufficient evidence to support the conviction; and,

(2) Whether the trial court erred in granting a motion *in limine*.

We affirm.

## I.

### Sufficiency of Evidence

Austin first challenges the sufficiency of the evidence supporting his conviction. When this Court reviews such a challenge we neither weigh the evidence nor judge the credibility of witnesses. We look to the evidence most favorable to the State and all the reasonable inferences therefrom. Where there is substantial evidence of probative value to support the verdict, the judgment is affirmed. *Wise v.*

*State* (1980), Ind.App., 401 N.E.2d 65; *George v. State* (1979), Ind.App., 397 N.E.2d 1027; *Sammons v. State* (1979), Ind.App., 397 N.E.2d 289.

It was the State's burden to prove that Austin (1) knowingly or intentionally (2) touched another (3) in a rude, insolent, or angry manner (4) by means of a deadly weapon (see footnote 1). Austin asserts the State failed to prove the touching was done intentionally or in a rude, insolent or angry manner.

The victim testified that on the date of the incident here in issue he was standing next to Austin at the carryout counter of a tavern. The victim knew Austin only by name. His familiarity with Austin's name arose from a physical confrontation between the victim's brother and Austin which left the brother in the hospital for two days. While both men were still at the counter, someone in the tavern called out Austin's name. The victim asked Austin if he was "Marvin Austin." Austin answered affirmatively and ran out of the tavern.

Upon completion of his transaction the victim also exited. Austin was standing approximately ten feet from the tavern's door. Austin told the victim that the "situation" between Austin and the victim's brother had been "straightened out." The victim stated to Austin that he had not commented upon that "situation." At that time Austin apparently turned to walk away, and as the victim testified: "He turned and fired, he said, 'Now, Mother Fucker,' and he shot me." The victim further testified that he saw the handgun, that Austin fired it three times, and that one of the shots hit him in the right shoulder. The attending physician testified that the bullet entered the victim's right shoulder area and that it had to be surgically removed.

Ind.Code 35–41–2–2 (Supp.1980) provides:

\* \* \* \* \* \*

"(3) a Class C felony . . . if it is committed by means of a deadly weapon."

---

1. Ind.Code § 35–42–2–1 (Supp.1980), which provides in part:

"A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:

"(a) A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so."

Intent may be inferred from the voluntary commission of the prohibited act and from the facts and circumstances of the case. *Williams v. State* (1979), Ind., 395 N.E.2d 239; *Perry v. State* (1980), Ind.App., 401 N.E.2d 792. The law presumes an individual intends the consequences of his act. *Greider v. State* (1979), Ind., 385 N.E.2d 424; *Covington v. State* (1975), 262 Ind. 636, 322 N.E.2d 705. The evidence in the record is clearly sufficient to support the jury's finding that Austin "intentionally" shot the victim.

Further, the evidence without conflict establishes that one bullet entered the victim's right shoulder. Such a "touching" is clearly within the "rude, insolent, or angry" element of assault and battery found under IC 35–42–2–1. As stated by the Court in *Beck v. State* (1976), 169 Ind.App. 364, 348 N.E.2d 409:

"Although neither great bodily harm nor disfigurement is a required result of the touching under the statute defining simple assault and battery, a touching causing such result would necessarily be, at least, 'rude' within that statute...."

*Id.* at 367, 348 N.E.2d at 412.

■ Although Austin's sufficiency of the evidence argument must fail, one additional point must be addressed. Austin alleges "there was sufficient evidence to support [his] defense of 'Self-Defense.'" Essentially, Austin merely forwards the evidence most favorable to this argument and seeks for this Court to re-weigh the evidence and overturn the jury's verdict.

In *Hanic v. State* (1980), Ind.App., 406 N.E.2d 335, 339, this Court stated:

"An examination of self-defense cases in Indiana reveals the following:

"(1) In assault and battery cases where self-defense is claimed, even though of a negative character, the burden is on the State to disprove self-defense....

"(2) This burden, however, can be met not only by rebuttal but by an affirma-
tive showing. The State need not specifically introduce evidence to refute the elements of self-defense, but may accomplish its burden by the evidence in its entirety in the State's case in chief....

"(3) The trier of fact must look to the situation from the defendant's viewpoint, but it need not believe the defendant's evidence...."

Although there is some evidence in the record which might infer that Austin shot in self-defense, the jury did not come to that conclusion. We will not second-guess the jury by re-weighing evidence or by re-assessing the credibility of witnesses. That is not the function of this Court.

II.

Motion *in limine*

Secondly, Austin alleges the trial court erred in granting the State's motion *in limine*. That motion sought the trial court:

"[T]o order the defendant, defense counsel and the witnesses to refrain from making any reference or introducing any evidence, directly or indirectly, during the trial of this cause to a murder trial: to-wit: *State of Indiana v. Frank B. James,* 411 N.E.2d 618 (Ind.1980), *without first obtaining the permission of the Court outside the presence and hearing of the jury* and in support of its Motion, the State would show the Court that:

"1.) Frank B. James was convicted of the crime of Murder in Cause No. 2CR–346–1178–1005 in the summer of 1979.

"2.) That the Defendant in this cause, to-wit: Marvin Austin, was charged in Cause No. 2CR–238–1178–1006 with the crimes of Criminal Mischief and Theft (Class 'D') from facts that arose from the same transaction which gave rise to the Murder charge against Frank B. James.

"3.) That Marvin Austin pled guilty to Theft (Class D) and testified as a State's witness in the prosecution of Frank B. James' trial for murder.

"That State of Indiana contends that the fact that Marvin Austin testified as a

state's witness in the murder prosecution of Frank B. James is immaterial and irrelevant to the cause presently pending before this Court.

"WHEREFORE, the State of Indiana moves that any reference or evidence of the Frank B. James trial not be presented before the jury *without first obtaining the permission of the Court outside the presence and hearing of the jury.*" (emphasis added)

Austin argues the trial court erred in granting the motion since it sought to exclude evidence upon the basis that it was "immaterial and irrelevant."

Austin correctly points out that the purpose of the motion *in limine* is to exclude prejudicial matters rather than immaterial or irrelevant evidence. *Faught v. State* (1974), 162 Ind.App. 436, 319 N.E.2d 843; *Baldwin v. Inter City Contractors Service, Inc.* (1973), 156 Ind.App. 497, 297 N.E.2d 831. However, at no time during the trial did Austin attempt to introduce the evidence referred to in the motion *in limine*. Such failure is fatal to his present argument.

Justice DeBruler stated in *Lagenour v. State* (1978), 268 Ind. 441, 376 N.E.2d 475:

"[I]t is not the office of a motion *in limine* to obtain a final ruling upon the ultimate admissibility of evidence as was sought by appellant, but is rather to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to a jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself. . . ."

*Id.* at 450, 376 N.E.2d at 481.

Simply stated, the granting of the motion *in limine* is not a final determination of the admissibility of the evidence. *Gilliam v. State* (1978), Ind., 383 N.E.2d 297. Therefore, when the defendant fails to make an offer of the evidence during the trial, he fails to preserve for appellate review any alleged error pertaining thereto. *French v. State* (1980), Ind., 403 N.E.2d 821; *Niehaus v. State* (1977), 265 Ind. 655, 359 N.E.2d 513,

*cert. denied*, 434 U.S. 902, 98 S.Ct. 297, 54 L.Ed.2d 188.

Austin's conviction is affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.