**Willie C. JENKINS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A04–9204–CR–117.

Court of Appeals of Indiana, Fourth District.

July 29, 1992.

Thomas F. Strickler, Mishawaka, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHEZEM, Judge.

### Case Summary

Defendant–Appellant, Willie C. Jenkins, appeals from his conviction and sentence for Driving While Intoxicated Resulting in Death (class C felony). We affirm.

### Issues

Defendant presents two (2) issues for our review, which we restate as follows:

I. Was the evidence sufficient to support the conviction?

II. Did the trial court err in conducting a portion of the trial in the absence of Defendant?

### Facts and Procedural History

On August 6, 1991, at approximately 9:00 p.m., Defendant was driving his car; he approached an intersection; he turned in front of an oncoming motorcycle; he did not use his turn signal; he did not slow down before the turn; he did not have his car's lights turned on; he did not stop immediately after the accident, but just "kept going" for approximately one block,

dragging the motorcycle and driver part of the way; and appeared "more worried about getting away than he was helping" the injured riders. The motorcycle was traveling at the speed limit. Further, Defendant had been drinking beer before the accident.

Officer Cynthia Eastman spoke with Defendant at the scene, and noted that he had red and watery eyes, slurred speech, and a strong odor of alcohol about him. She read him the implied consent law, and he agreed to be tested. Defendant was taken to the county jail, where he again agreed to be tested. However, after completing the paperwork, Defendant changed his mind and refused to take the test. He stated, "I didn't do anything wrong, [and] I shouldn't have to do this."

Thereafter, because he complained of something in his eye, Defendant was taken to the hospital. The attending physician, at trial, testified that Defendant was intoxicated. Blood was drawn and revealed a blood alcohol content of approximately .14%.

The next day, the driver of the motorcycle died from his injuries; his passenger suffered injuries to the head, hip, and wrist, but eventually recovered.

On August 7, 1991, the State filed an Information, charging Defendant with Driving While Intoxicated with Ten Hundredths Percent (.10%), or More, by Weight of Alcohol in Blood, Resulting in Death of Another Person (class C felony) and Driving While Intoxicated Resulting in Death of Another Person (class C felony). The jury found him guilty as charged, and he received a seven (7) year sentence.

### Discussion and Decision

### I

■ Defendant first argues "the State did not present substantial evidence of probative value to support the verdict of guilty as to the causation element of either count." We disagree.

We first note that a court reviewing the sufficiency of the evidence will neither reweigh the evidence nor judge the credibility of witnesses. We consider only the evidence most favorable to the verdict, together with all reasonable inferences to be drawn therefrom, and if there is evidence of probative value to support the verdict, it will not be disturbed. *Platt v. State* (1992), Ind., 589 N.E.2d 222, 227; *McInchak v. State* (1990) Ind.App., 560 N.E.2d 546, 548.

Here, there is sufficient evidence that Defendant caused the accident in question. The facts most favorable to the judgment established that Defendant turned in front of the oncoming motorcycle; he did not use his turn signal; he did not slow down before the turn; and he did not have his car's lights turned on. Furthermore, there was testimony that the motorcycle was driving at the speed limit. There was also testimony that Defendant had been drinking beer before the accident, and was later determined to have a blood alcohol level of approximately .14%.

### II

■ Defendant next argues that the trial court erred "in denying his motions for continuance and proceed[ing] in [his] absence when [he] did not voluntarily, knowingly, or intelligently waive his right to be present at trial." We disagree.

On the second day of the trial, Defendant arrived at the courthouse and appeared intoxicated. His counsel stated "[w]ell, Your Honor, I have met with [Defendant] this morning and ... he may be intoxicated." The trial court then stated:

Mr. Jenkins, you're within five feet of me, and I don't know [if] it's been a lack of sleep or something else, but your eyes are bloodshot. Your breath does smell as though you have been drinking. You have not been able as you have talked with me and as you've stood in front of me, you've not been able to stand up straight, and you've been weaving from side to side ... You do not appear in a condition that would allow me to call this jury in and proceed with trial right now ... You have by reason of your physical appearance now disrupted these proceedings inasmuch as I'm now unable to call the jury into this room. It would not do

you any good for the jury to see you in this condition.

Shortly thereafter, Defendant was taken to the county jail where a breathalyzer test revealed that his blood alcohol content was .17%. Defense counsel moved for a continuance or a mistrial, which was denied. The trial court noted that Defendant's actions had "disrupt[ed] or obstruct[ed] the orderly process of justice." The court then ordered Defendant to remain outside the courtroom in a place where his counsel could speak with him when necessary. Further, the court informed defense counsel that it would grant a recess whenever he requests so he may consult with the Defendant. The trial was then recessed for lunch.

When the court reconvened, no one could find Defendant. The trial proceeded in his absence. However, approximately one hour later, the court learned that there had been an altercation between the Defendant and a police officer, and that the officer had arrested Defendant for public intoxication. The trial court then brought the jury back in, and questioned them as follows:

> COURT: Ladies and gentlemen, during your service as jurors today, have any of you seen or heard anything you want to bring to the attention of the Court? If so, please raise your hand and let me know.
>
> (Whereupon, all of the jurors indicate negatively.)
>
> COURT: Okay, we will then continue.

The court then proceeded with the afternoon session of the trial. The following day, Defendant appeared on time and the trial continued without incident.

Of course, both the federal and state constitutions guarantee an accused the right to be present at trial. U.S. Const. Amends. VI, XIV; Indiana Const. Art. I, § 13. Nevertheless, this right may be waived by an accused, but the waiver must be voluntarily, knowingly and intelligently made. *Covey v. State* (1990), Ind.App., 553 N.E.2d 211, 212; *Ellis v. State* (1989), Ind. App., 525 N.E.2d 610, 612.

Here, the trial court did *not* err in denying the motions for continuance or mistrial. By becoming intoxicated, Defendant waived his right to be present on the second day of trial. He attended the first day of trial, knew the trial would proceed on the second day, and yet he became intoxicated. A similar claim was rejected by this court in *Gilbert v. State* (1979), 182 Ind. App. 286, 395 N.E.2d 429.

In *Gilbert,* the defendant sought reversal "because part of his trial was conducted *in absentia* without an express and voluntary waiver of his right to be present." On the morning of trial, he failed to appear. His bailbondsman and attorney both assured the court that defendant had been informed of the time and place of the trial on the previous night; however, the attorney stated that "he could not be certain that [defendant] was sober during their previous conversation since [defendant] was an alcoholic." 395 N.E.2d at 430. The trial court allowed the trial to proceed, but recessed when it was informed (during the prosecution's case-in-chief) that defendant had been apprehended and was present in the courthouse. Defendant then testified that, although he knew of the time and place of trial, he had been drinking heavily the night before and on the morning of trial. On appeal, this court affirmed, stating in part as follows:

> This Court is not willing to conclude that [defendant] was totally incapable of insuring his own presence at trial despite his alleged condition. [Defendant], being cognizant he suffered from [a] chronic [alcoholic] condition, should have appreciated the importance of the trial and therefore have taken precautionary steps such as having his family, attorney or bailbondsman call and check on him.

\*    \*    \*    \*    \*    \*

*Taylor v. State* [ (1978), 178 Ind.App. 650, 383 N.E.2d 1068], established that an absent defendant cannot take solace in the fact that his delay or absence was due in part [to] circumstances beyond his control, if those circumstances could

have been averted by the taking of reasonable precautions.

*Gilbert,* 395 N.E.2d at 432.

We note in the present case that Defendant does not claim he is an alcoholic. Defendant has also failed to establish that he was prejudiced by the trial proceeding *in absentia.*

Affirmed.

MILLER and GARRARD, JJ., concur.